## CITY OF ATLANTA *v.* HAMPTON.

1. Even if evidence offered on behalf of the plaintiff after the close of. the introduction of evidence by the defendant were not altogether in rebuttal, its admission was within the sound discretion of the presiding judge, as against an objection based on that ground.

2. Where, in a suit for a physical injury, it was alleged that the plaintiff was hurt by stepping on a defective cap of a water-meter on a sidewalk of the defendant municipality, it furnishes no ground for a new trial that the court, in charging in reference to the duty of a municipality in regard to keeping its sidewalks in reasonably safe condition for use by the public, referred to this duty as one in regard to its streets and sidewalks. Especially is this true where the court also instructed the jury that the plaintiff must recover, if at all, on the case as alleged.

3. Where the court charged in substance that it was the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition for passage by the public; that it was only bound to use ordinary care and diligence for that purpose; that it would fulfill its duty by so doing; that municipal corporations are not insurers against accident; and that the defendant was not liable unless it was guilty of negligence, such charge furnishes no reason for reversal on the ground that it places a heavier burden upon the municipality than would have arisen from an accurate statement of the rule of duty on the part of a municipal corporation in regard to its sidewalks.

4. The duty of a city in reference to using ordinary diligence to keep a sidewalk reasonably safe for public use extends to all of the sidewalk intended for travel by the public as a thoroughfare, and is not confined to keeping in a safe condition a special part only of the sidewalk which happens to be most generally used.

5. Although the plaintiff contended that the impaired condition of her health resulted from falling upon a sidewalk, caused by the defective condition of a water-meter, and was entirely due to such injury, while the defendant contended that the subsequent condition of her health was not at all due to that cause, but to a pre-existing infirmity, yet, where the evidence so authorized, there was no error in charging with reference to the right to recover on account of the aggravation of an existing infirmity.

(*a*) The evidence authorized such a charge.

6. A charge that if the jury should allow the plaintiff any amount on account of future mental pain and suffering, they should reduce that amount to. its present cash value, figured at the rate of seven per cent.. per annum, was not an error harmful to the defendant.

7. Under previous rulings of this court, the loss of capacity to labor, occasioned by a physical injury, may be considered by the jury as in the nature of pain and suffering, although no pecuniary loss therefrom may be shown.

(*a*) In view of the context of the charge on this subject, it was not calculated to mislead the jury or cause them· to· confuse the suffering resulting from the inability to use one's faculties with the loss of capacity· to earn money.

8. The evidence supported the verdict, and the other grounds of the motion for a new trial require neither separate consideration nor a reversal.

FEBRUARY 11, 1913.

Action for damages. Before Judge Bell. Fulton superior court. December 18, 1911.

*J. L. Mayson* and *W. D. Ellis Jr.,* for plaintiff in error.

*Moore & Branch,* contra.

LUMPKIN, J. Fannie O. Hampton brought suit against the City of Atlanta to recover damages on account of an injury alleged to have occurred by reason of stepping upon the cap of a water-meter on one of its sidewalks and falling because of the broken condition of the cap. It was alleged that the cap of the meter had been in a broken condition for a week or more, so as to be in a dangerous condition for persons passing along the sidewalk, and that the city was negligent in not discovering and repairing it. The answer of the city put in issue the substantial allegations of the petition, and alleged that the plaintiff could have avoided the injury by the use of ordinary care. The jury found for the plaintiff $2,750. A new trial was denied, and the defendant excepted.

1. It seems that the testimony of physicians, which was offered by the plaintiff after the close of the evidence on behalf of the defendant, was in rebuttal of certain evidence which had been offered by the defendant. But if it were not strictly so, its admission was within the sound discretion of the presiding judge, as against an objection based on that ground. *Orr & Hunter* v. *Garabold*, 85 *Ga.* 373 (5), 377 (11 S. E. 778).

2. Error was, assigned because the allegation was that the cap of the water-meter was on the sidewalk, and in his charge the presiding judge several times referred to the duty of a municipality in regard to keeping its streets and sidewalks in reasonably safe condition for use by the public. In a general sense the word "streets" is often used as including sidewalks, and reference is often made to them in that manner by writers of high standing and by courts. Thus in 4 Dillon on Municipal Corporations (5th ed.), § 1704, will be found this statement: "The liability of a city or town *for actionable defects extends,* as already remarked, to sidewalks, they being deemed to constitute part of the street." The rule of duty incumbent upon a municipality as to both streets used by vehicles and sidewalks used by pedestrians is to use ordinary care to keep them in a reasonably safe condition for travel in the ordinary modes, both by day and by night. So that the use of the word "streets" in connection with sidewalks in instructing the jury as to the rule of diligence, if not technically accurate as descriptive of the place where the injury was alleged to have occurred, furnished no ground for reversal. Moreover the court instructed the jury that the plaintiff must recover, if at all, on the case as alleged.

3. It is contended that the court erred in several portions of his charge relating to the duty of a municipal corporation in regard to its sidewalks. The principal point of complaint is that the court used the form of expression that it is the duty of a municipal corporation to have its streets and sidewalks in a reasonably safe condition. It is contended that the duty of the city is to use the ordinary care of a prudent municipality to keep its sidewalks in a reasonably safe condition for travel in the ordinary mode by day as well as by night, and that it has discharged its duty if it does this. Had the court stopped with the general statement of duty above mentioned, the charge might have been subject to criticism. But he charged and emphasized the rule that the defendant was not

liable unless it was guilty of negligence; that it was only bound to use ordinary care and diligence for the purpose stated; and that it would have fulfilled its duty by such use. He also informed the jury that municipal corporations are not insurers against accident. He did not always use the word "reasonably" in connection with the keeping of sidewalks and streets in a safe condition. But from the whole charge it is clear that the jury could not have been misled into believing that a municipal corporation was required to keep its sidewalks in a condition of absolute safety. Some authorities have contended that the expressions "safe" and "reasonably safe," used in stating the duty of a municipal corporation in regard to its streets and sidewalks, are not substantially different. While perhaps a more exact statement of the rule might be formulated than was done by the mode of expression employed by the court, yet variations from the form urged by the defendant's counsel do not necessarily constitute error. If the injury occurs in the daytime, it may be best not to mention any duty as to the night-time. It is very common, in stating the rule, to say that it is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition so that persons can pass along them in the ordinary methods of travel in safety, and for that purpose it is required 'to use ordinary diligence; and that if it has done so, no liability will arise. This or some similar form of statement has frequently been employed by text-writers and courts, including this court. *Mayor and Council of Atlanta* v. *Perdue,* 53 *Ga.* 607, 608; *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 153 (3), 155 (38 S. E. 389); *Idlett* v. *City of Atlanta,* 123 *Ga.* 821 (51 S. E. 709), and citations.

4. It has been held by this court that "The duty of a city to keep a sidewalk reasonably safe for public use extends to all of the sidewalk intended for travel by the public as a thoroughfare, and is not confined to keeping in a safe condition a special part only of a sidewalk which happens to be most generally used." *City of Atlanta* v. *Milam,* 95 *Ga.* 135 (22 S. E. 43); *City Council of Augusta* v. *Tharpe,* supra. The charge on this subject was in accordance with these decisions.

5. Error was assigned upon the following charge: "This plaintiff contends that she was in good health at the time she claims to have been injured. Good health is a relative term, and does not

mean absolute freedom from physical infirmity, but only such a condition of body and mind as that one may discharge the ordinary duties of life without serious strains upon the vital powers; and in this case, if you should believe from the evidence and the rules of law given you in charge, that the plaintiff is entitled to recover, notwithstanding it may appear from the evidence that at the time of the injury the plaintiff was laboring under an infirmity of which she was ignorant and which did not interfere with the discharge by her of the ordinary duties of life, and notwithstanding the injury, if she received such, did not entirely produce the infirmity but aggravated the existing infirmity, if such existed, the recovery in that case would be to the extent you find the infirmity was aggravated by the injury." This charge was in accordance with the ruling in *Atlantic & Birmingham R. Co.* v. *Douglas,* 119 *Ga.* 658 (46 S. E. 867). It is contended that neither the pleadings nor the evidence raised this issue. Although a plaintiff may contend that the bad condition of her health after an injury is entirely due to the tort causing such injury, this would not preclude her from recovering if the jury should believe from the evidence that her subsequent condition was not entirely due to the injury, but that such injury aggravated some pre-existing infirmity. Claiming too much damage does not preclude a recovery of the proper amount, correctly measured. Nor does this result follow because the defendant denies having caused any damage. The evidence authorized the charge, and it was not error to give it.

6. That the court charged, "If you allow her any amount for any future mental pain and suffering, you must reduce that amount to its present cash value, figured at the rate of seven per cent. per annum," furnished no ground for complaint on the part of the defendant. If it was error to instruct the jury to reduce any amount allowed for future pain and suffering to a present cash basis at the rate of seven per cent. per annum, it was error in favor of the defendant, not against it.

7. Error is assigned because the court charged that if the plaintiff was entitled to recover, and her ability to labor was impaired, she would be entitled to recover for such impairment, and that "the guide for physical damages, if any, for pain and suffering, or diminished capacity to labor, as distinguished from earning capacity, is the enlightened consciences of impartial jurors, acting

under the sanctity of their oath." This was dealing with impairment of capacity to labor, in distinction from the loss of wages or earnings or earning capacity, as a species or part of the mental pain. This court has held that "It is not error to describe as pain and suffering the loss of capacity to labor occasioned by a physical injury;" and this was said in a case where the plaintiff was a married woman, and her husband was entitled to her services. *Atlanta Street Railroad Co.* v. *Jacobs,* 88 *Ga.* 647, (15 S. E. 825). In *City Council of Augusta* v. *Owens,* 111 *Ga.* 465 (8), 479 (36 S. E. 830), it was held: "A person whose capacity to labor has been permanently diminished by physical injury wrongfully inflicted upon him by another can recover damages therefor, notwithstanding there may have been no proof as to what such person's earnings were before or after the injury." See also *Atlanta & West Point Railroad Co.* v. *Haralson,* 133 *Ga.* 231 (65 S. E. 437). In view of the entire charge we do not think that the instruction on this subject was calculated to mislead the jury.

8. The evidence supported the verdict. The other grounds of the motion for a new trial do not require separate consideration. In view of the notes appended to some of them by the presiding judge, and of the evidence and the general charge, none of them present any error requiring a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*