34901. ATLANTA LIFE INSURANCE COMPANY
*v.* MASON.

DECIDED DECEMBER 3, 1953.

*Lewis L. Scott,* for plaintiff in error.

*Michael J. Gannam,* contra.

FELTON, J. The defendant admitted the making of the contract, but claimed that he signed it under duress and that for this reason the contract is void. The defendant testified: "I am A. A. Mason and I worked for Atlanta Life Insurance Company, and I signed this contract because Mr. Law threatened to have me arrested for larceny after trust, if I did not make some arrangements. . . I knew what I was doing when I signed the contract. I knew what it was. *I did it because I thought I would lose my job* or be arrested as Mr. Law threatened to do." (Emphasis supplied.) Assuming for the sake of argument that the threatened prosecution testified to by the defendant in itself would constitute duress sufficient to void the contract, under the defendant's testimony he did not sign the contract because of the threatened prosecution but because he was afraid he would lose his job if he did not do so. Where a party offers himself as a witness in his own behalf, his testimony which is self-contradictory, vague, or equivocal is construed most strongly against him. *Georgia Railroad &c. Co.* v. *Flynt,* ante; *Tuten* v. *Atlantic Coast Line R. Co.,* 4 *Ga. App.* 353 (1) (61 S. E. 511) ; *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (1) (49 S. E. 294) ; *Steele* v. *Central of Ga. Ry. Co.,* 123 *Ga.* 237 (1) (51 S. E. 438) ; *Callaway* v. *Armour,* 208 *Ga.* 136 (2a) (65 S. E. 2d 585). A threat of causing the defendant to lose his job or his fear of such loss is not duress which would void the contract. *Blalock* v. *Barrett,* 28 *Ga. App.* 444 (111 S. E. 697).

The defendant having admitted the execution of the contract and having failed to show that it was entered into under duress

which would void the contract, the evidence did not authorize a verdict in his favor.

Whether or not they are complete, it is not necessary to rule on the special grounds of the amended motion for new trial.

The court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. Sutton, C. J., and Quillian, J., concur.*