35991. PHILLIPS *v.* ROYAL INDEMNITY COMPANY *et al.*

Decided January 27, 1956.

264

*M. T. Hartman III, Ben S. Adkins,* for plaintiff in error.
*Marshall, Greene & Neely,* contra.

GARDNER, P. J. In order to facilitate this opinion we will first quote the finding of fact and award of the hearing director in full as follows: "Findings of fact and conclusions of law: It was stipulated that Floyd P. Phillips was an employee of Georgia Institute of Technology during the month of August, 1954, and when he made a full week his average weekly earnings were $86.

"Claimant alleged he sustained an accident and injury some Monday about the middle of August, 1954, which resulted in a back condition requiring an operation to remove a herniated disc. He testified he was standing on a ladder using an electric hammer; that the hammer slipped out of his hand, and as he grabbed it, he strained his back. There were no witnesses to the alleged accident. He stated he reported the occurrence to the foreman the next day, and also told some of the fellow workers during the lunch period. The foreman denied being told of any back injury, as did two witnesses brought in by claimant. The foreman testified claimant asked off to see a doctor one morning, and when he asked if he wanted to go to the company doctor he said, 'I just want to get off and go to the doctor.' The evidence shows claimant worked about a week longer on the job and was then laid off. He never asked for medical attention, and did not, in fact, according to his own testimony, see a doctor until September 29th or 30th or about a month after he left the Georgia Tech job. He then consulted a Dr. Charles Howard, and entered the Veterans Hospital No. 48 the next day for an examination, and the operation aforesaid was performed on October 19th. Since Dr. Howard was not called as a witness, the record is silent as to his findings, or why claimant was sent to the Veterans Hospital, rather than calling on the employer for medical treatment. The record is also silent as to claimant's activities or employment during the month of September after he was 'laid off', but clearly shows he did not seek any medical treatment during this interim. The law puts

the burden of proof upon claimant to prove that the accident or injury arose out of or in the course of his employment. After a careful consideration of all the evidence adduced, I find as a matter of fact and conclude as a matter of law that claimant has not carried the burden of proof, and compensation is denied.

"Award: Wherefore, based on the above findings of fact and conclusions of law, the claim for compensation by Floyd P. Phillips is hereby denied."

This finding of fact and award was affirmed by the full board. It is the contention of the claimant that the facts found by the directors do not support the order or decree because there was evidence demanding a finding for the claimant and there was no evidence showing an intervening and independent injury to the claimant's back.

Counsel for the defendant cites *Hollifield* v. *Croft Chennille Co.*, 90 *Ga. App.* 594 (83 S. E. 2d 584), in support of the contention that the evidence excludes every cause of the injury except the strain caused by the accident. The facts in that case were not anything like the facts in the instant case, and in any event it is not within the scope of this court to reverse the finding of facts and award of the State Board of Workmen's Compensation if there is any competent evidence to support such finding, in the absence of fraud, as was so aptly expressed in *Harper* v. *National Traffic Guard Co.*, 73 *Ga. App.* 385 (36 S. E. 2d 842) in the following language: "And the burden is on the claimant to prove that the injury for which compensation is sought arose out of and in the course of the employment before compensation can be awarded legally to the claimant. It has been ruled in numerous decisions of this court and the Supreme Court that findings of fact by the State Board of Workmen's Compensation, if supported by any competent evidence, are conclusive, in the absence of fraud, and cannot be set aside by the courts." In that case, as in the instant case, there was no eyewitness to the alleged accident. It is within the scope of the authority of the State Board of Workmen's Compensation to accept the evidence most favorable to the defendants, if they see fit (*Glens Falls Indemnity Co.* v. *Sockwell*, 58 *Ga. App.* 111, 197 S. E. 647, and *Merry Brothers Brick &c. Co.* v. *Holmes*, 57 *Ga. App.* 281, 195 S. E. 223), and conversely they are not required to accept the testimony of the claimant, where it

is contradicted or is in itself vague and contradictory. *Ingram* v. *Liberty Mutual Ins. Co.*, 62 *Ga. App.* 789 (10 S. E. 2d 99), and *Bradberry* v. *Lumbermen's Mutual Casualty Co.*, 60 *Ga. App.* 576 (4 S. E. 2d 486). The evidence of the claimant in this case was somewhat vague and contradictory. In *Atlanta Life Insurance Co.* v. *Mason*, 89 *Ga. App.* 319 (79 S. E. 2d 352) this court said: "Where a party offers himself as a witness in his own behalf, his testimony which is self-contradictory, vague or equivocal is construed most strongly against him." A claimant is not entitled to an award in his favor if the evidence so developed at the trial shows that he is not entitled to an award. *Southern Railway Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294). We do not interpret the claimant's evidence to demand a finding in his favor. *Thompson-Weinman Co.* v. *Yancey*, 90 *Ga. App.* 213 (82 S. E. 2d 725), is not authority for a contrary ruling, under the facts of the instant case, nor does the instant case come within the purview of *New Amsterdam Casualty Co.* v. *Brown*, 91 *Ga. App.* 12 (84 S. E. 2d 594), because of dissimilarity of facts. Theories or mere opinions are not involved under the evidence in the instant case, as in *B. F. Goodrich Co.* v. *Arnold*, 88 *Ga. App.* 64 (76 S. E. 2d 20). Unfortunately for the claimant, the material and controlling part of the testimony is contradicted, even by the statement of the claimant himself; therefore *Atlantic Steel Co.* v. *McLarty*, 74 *Ga. App.* 300 (39 S. E. 2d 733), does not apply. The Supreme Court in *Liberty Mutual Ins. Co.* v. *Blackshear*, 197 *Ga.* 334 (28 S. E. 2d 860), a case of certiorari from the Court of Appeals said: "In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion."

We are therefore holding that the superior court did not err in affirming the finding of fact and award of the full board based on the finding of fact and award of the single director.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*