43080. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. LEDFORD.

JORDAN, Presiding Judge. This is a workmen's compensation case. The deputy director, after summarizing the evidence and making specific findings of fact, concluded his findings in pertinent part as follows: "That claimant sustained an accident and injury arising out of and in the course of his employment on August 19, 1966, when his left arm was caught between a bundle of rugs and a dryer, of which employer had timely notice; that claimant was temporarily totally disabled thereby from August 20 to September 6, 1966, and is entitled to compensation for the period August 27 to September 6; that claimant sustained injuries to his left shoulder and upper left arm therein, which appears to give no more trouble, and also sustained from that accident some strain to his lower back; that claimant sustained no accident and injury at work on September 9 or on the last day of his work as testified to by him, but had the single accident shown by histories he gave doctors as being the one on August 19, 1966. Having found his credibility so diminished, I discount considerably the opinion of Dr. Kimsey that he has a ruptured disc since it relies substantially on subjective complaints. However, it may exist and, if so, may become disabling and if claimant has operation for it, this will establish it; that this strain to his low back may or may not have been accompanied by a ruptured disc, the preponderance of the evidence not being indicative of a ruptured disc at this time, and this low back condition had not become disabling to claimant upon his last examination, but might so become, and be so shown on a hearing for change in condition; that claimant's absence from work since October 8 has been due to reasons other than disability from this accident, specifically for failure to comply with company rules. I find further that should further examination reveal a ruptured disc, at the location believed to exist by Dr. Kimsey, within two years from this date, it would be presumed to have been caused by the accident of August 19,

1966, and that claimant would be entitled to compensation and medical expenses for and during the time of such operation until recovery therefrom. . ."

Based on these findings the deputy director awarded compensation for the period from August 27, 1966, to September 6, 1966, plus medical expenses already incurred, and directed the employer and insurer to pay medical expenses and compensation during disability in the event the claimant should undergo an operation for a ruptured disc at the location diagnosed by Dr. Kimsey within two years.

On appeal by the claimant the superior court determined that the award was contrary to law and that the facts as found by the hearing director do not support the award for the following reasons: "It appeared from the testimony of the doctors that the plaintiff was incapacitated and that he had the same complaints at the date of the hearing before the deputy director and suffers from the same symptoms at that time as he did at the date of the injury. I find further that this was a question of fact and that the testimony of Dr. Warren H. Kimsey and Robert D. Walter was entitled to consideration. It is true that the director could take the lay testimony instead of the medical testimony if he saw fit, but where it appeared that the medical testimony was not properly considered the award should be reversed. It is therefore ordered that the same be remanded to the State Board of Workmen's Compensation . . . to enter up an award in accordance with the findings herein." The employer and insurer appeal to this court. *Held:*

The employer, J. M. Muse Corporation, and the insurer, Hartford Accident & Indemnity Company, contend that the award shows on its face that the deputy director properly considered the expert testimony of Drs. Kimsey and Walter, although he made contrary findings as supported by other evidence, and that the facts as found by the deputy director from the evidence support the award, which is binding on the superior court in the absence of fraud or application of an erroneous legal theory.

The court is bound by the findings of fact by the board except as to acts in excess of its powers, or an order or decree procured by fraud, or not supported by the findings of fact or competent evidence, or contrary to law. *Code* § 114-710. Thus, in the absence of fraud, if it appears that the board,

acting through a deputy director, has discharged its functions as a fact-finding tribunal within its powers, based on a proper understanding of the law, a court is powerless to disturb such findings. *Continental Cas. Co. v. Bennett,* 69 Ga. App. 683 (26 SE2d 682); *General Accident Fire &c. Assur. Corp. v. Titus,* 104 Ga. App. 85 (121 SE2d 196); *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 SE2d 899). The opinion of an expert witness is advisory only, and while entitled to great weight, is binding only to the extent that the fact-finding agency gives credence to the opinion. *American Motorists Ins. Co. v. Blaylock,* 84 Ga. App. 409 (66 SE2d 126); *United States Fid. &c. Co. v. Doyle,* 96 Ga. App. 745, 747 (101 SE2d 600).

It is clear from the statement of the deputy director that in arriving at his conclusions he specifically discounted the opinion of Dr. Kimsey because it appeared that it was based largely on the subjective complaints of the claimant, whose credibility was also questioned because of inconsistencies between his testimony and the history of his case as related to doctors. Although the deputy director does not refer to Dr. Walter by name in his ultimate findings, which are quoted verbatim above, he specifically refers to the testimony of Drs. Walter and Kimsey in his preliminary findings, and refers to the history of one accident as furnished to them by the claimant, and he again refers to the opinion and diagnosis of Dr. Kimsey as to a herniated disc. We are of the opinion that the deputy director did consider the testimony of both doctors in arriving at his conclusions which involve a partial rejection of this evidence as lacking in persuasiveness.

The evidence, both lay and medical, was in conflict as to the extent and duration of the disability, and the presence or absence of a herniated disc, and it was the duty of the deputy director to resolve these conflicts. The deputy director having resolved this evidence by determining that a single accident caused a limited period of disability, and that some basis exists for further examination and treatment for a herniated disc, all of which is supported by some competent evidence, and no error of law appearing, the superior court had no authority to weigh the evidence and substitute its own conclusions, and therefore erred in reversing the award on appeal.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 28, 1967.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellants.

*John D. Edge,* for appellee.