45959.   THOMAS v. FORD MOTOR COMPANY.

Argued February 1, 1971—Decided February 25, 1971—
Rehearing denied March 29, 1971—Cert. applied for.

*George & George, William V. George,* for appellant.

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, Jr.,* for appellee.

DEEN, Judge. Loss of employment time due to back trouble, perhaps because it may arise from so many varied conditions, frequently faces tough sledding before workmen's compensation tri-

bunals. Where there is ascertainable physiological change as in cases of herniated disc, the end result may be proved by circumstantial evidence and constitutes an "accident" although the erosion which eventually produces the disability occurs imperceptibly over a period of time. *Ideal Mut. Ins. Co. v. Ray,* 92 Ga. App. 273 (88 SE2d 428). Contradictory evidence authorized the denial of compensation in *Phillips v. Royal Indem. Co.,* 93 Ga. App. 263 (91 SE2d 304) and the claimant was impeached in *Grooms v. Pacific Employers Ins. Co.,* 94 Ga. App. 865 (96 SE2d 525). The grant of compensation was affirmed in *Employers Mut. &c. Ins. Co. v. Dyer,* 108 Ga. App. 623 (134 SE2d 49) where a ruptured disc necessarily entailing partial disability was shown although permanent disability resulted from a non job-connected accident. In *Hartford Acc. &c. Co. v. Ledford,* 116 Ga. App. 402 (157 SE2d 318) an award finding generally against the claimant was held to have been erroneously reversed on appeal to the superior court, but again the question resolved itself around the weight to be given to specific testimony. In *Fireman's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343), where a fall induced adverse symptoms although the claimant's back would probably have eventually resulted in arthritic disability in any event, the board's award in favor of the claimant was affirmed. And in *Hollifield v. Croft Chenille Co.,* 90 Ga. App. 594 (83 SE2d 584) the employee fell, and the testimony demanded a finding that her subsequent back disability was due to no other cause although she sustained no injury ascertainable objectively, as by x-ray.

It is well settled that the aggravation of a pre-existing infirmity, whether congenital or otherwise, is compensable. *Manufacturers Cas. Ins. Co. v. Peacock,* 97 Ga. App. 26 (101 SE2d 898); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907).

It is also well settled that where a disability results which is objectively physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one "accident" at a specifiable time and place to which the result may be attributable. *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72).

Taking these last two propositions as applicable law, and accepting as true the finding of fact that claimant was in fact dis-

abled during the period he was on medical leave, and that this physical disability resulted from an attempt to do work which in his physical condition it was impossible to do, we must hold that the disability was an industrial accident within the meaning of the law.

*Judgment reversed with direction that the case be remanded to the Board of Workmen's Compensation for disposition not inconsistent with what is held herein. Bell, C. J., and Pannell, J., concur.*