## 50749. CONTINENTAL CASUALTY COMPANY et al. v. WEISE.

STOLZ, Judge.

Claimant appealed an adverse award of the deputy director to the State Board of Workmen's Compensation. In its findings of fact the full board found from the

evidence "that the claimant did not experience an accident or compensable injury on or about July 2, 1973, arising out of and in the course of her employment, either by reason of a traumatic incident on or about that date, or by reason of the cumulative effect of the conditions under which she worked." The full board entered an award denying the claim for compensation unanimously. The Superior Court of DeKalb County reversed the full board, holding its award was based on an erroneous legal theory, in that the law set out in *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, 514 (181 SE2d 874) was not followed. That portion of *Thomas,* supra, relied on by the DeKalb Superior Court is, "It is well settled that the aggravation of a pre-existing infirmity, whether congenital or otherwise, is compensable. [Cits.] It is also well settled that where a disability results which is objectively physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one 'accident' at a specifiable time and place to which the result may be attributable." This is sound law. However, as is also noted in *Thomas* (p. 514), contradictory evidence can authorize the denial of compensation (see also *Phillips v. Royal Indem. Co.,* 93 Ga. App. 263 (91 SE2d 304)), as can the impeachment of the claimant (see also *Grooms v. Pacific Employers Ins. Co.,* 94 Ga. App. 865 (96 SE2d 525)).

In its findings of fact, the full board "considered significant" that claimant's physician, who had treated her since 1967, "failed to record any history from claimant or render any treatments to claimant on the basis of accidental injury, until August 17, 1974, when the claimant informed him she had applied for workmen's compensation benefits," and that claimant had provided a group insurer "with a statement eliminating accident as a basis for claim" (for group benefits). *Held:*

Neither the Superior Court of DeKalb County nor this court can substitute its judgment as to issues of fact for that of the State Board of Workmen's Compensation. We are not authorized to do so by statute (Code Ann. § 114-710) and it has been so held countless times. See annotations under Code Ann. § 114-710, catchwords

"conclusiveness of findings." If there is any evidence in the record to support them, the findings and award of the State Board of Workmen's Compensation must be affirmed. In this case, the State Board of Workmen's Compensation found, "The claimant's ultimate disability was the result of a general physical condition complicated by female problems . . . [that] any incapacity to work . . . was the result of pre-existing medical conditions not resulting from work-connected activities, and not aggravated by work-connected activities." (R. 193). The full board concluded that the claimant did not experience an accident or compensable injury arising out of and in the course of her employment, either by reason of a traumatic incident on or about July 2, 1973, or by reason of the cumulative effect of the conditions under which she worked. There is evidence in the record to substantiate these conclusions. There is also evidence which would support a finding for the claimant. It is the duty of the deputy director and the full board to determine the issues of fact. Code Ch. 114-7. Once this determination is made, it is *"conclusive and binding as to all questions of fact."* (Emphasis supplied.) Code Ann. § 114-710. We equally apply the "any evidence" rule to claimants as well as to employers.

The judgment of the Superior Court of DeKalb County is reversed with direction that the award of the State Board of Workmen's Compensation be affirmed.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Deen, P. J., and Evans, J., dissent.*

ARGUED MAY 21, 1975 — DECIDED SEPTEMBER 24, 1975 —

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Jack O. Morse,* for appellants.
*Jack Dorsey,* for appellee.

EVANS, Judge, dissenting.
Mrs. Sylvia Weise, claimant, was manager of a shoe store, and suffered an injury on April 18, 1973, which

was adjudicated to be not compensable. See *Weise v. Maryland Cas. Co.,* 132 Ga. App. 842 (209 SE2d 260). This is mentioned here because the employer contends that any aggravation of that injury could not be compensable because the injury of April 18, 1973 itself was not compensable. This is a non sequitur, because when the employer continued to employ and cause his employee to do strenuous and heavy-lifting work until July 2, 1973, the aggravation was a new injury and had not even occurred on April 18, 1973, and could not therefore be res judicata by the adjudication as to the earlier injury.

The testimony and evidence was unrebutted that Mrs. Weise was naturally a busy and industrious person, never resting or taking it easy but always on the move towards discharging her duties as manager of the store. She seemed to feel it her duty to do more than any other employee, and as there was no stock boy employed, it fell her lot to lift numerous heavy cases of shoes, weighing as much as from 30 to 50 pounds. On Saturday and Sunday, June 30th and July 1, and lasting into the early hours of July 2nd, inventory was taken of the store, and on that date she suffered an entirely new injury, separate and apart from the aggravation of her existing injury. She was suffering severe headaches from her former injury, aggravated by the heavy work imposed upon her, and while she took much pain medicine, it did not help at all. She finally worked herself completely out, and at 1 to 1:30 a.m. she told them she just could not go a bit further, and lay down on the counter and went to sleep.

She told her superior that she was totally exhausted, in pain, and in such severe pain she could not even touch anything. This was about 1:30 a.m. on Monday, July 2, 1973.

She reported to her superior that *she had hurt herself;* that immediately before she had been con- tinuously aggravating herself by all this bending and straightening up; she told him that she had hurt herself by lifting the cases of shoes; and that her hurting herself resulted from lifting too many cases.

The foregoing was adduced as evidence before the deputy director and was unrebutted, and yet he rendered

a judgment against claimant. On appeal to the full board his judgment was not accepted, but the full board went back to the finding in the case of April 18, 1973, and rendered an award against claimant; and on appeal to the superior court, the full board was reversed and set aside; and the order required the board to find her claim for compensation of July 2, 1973 to be compensable, and that the board enter an award finding in her favor as to the compensation sought by claimant.

The majority feel the Workmen's Compensation Board was bound by a physician's opinion testimony. Not so! Such evidence may be disregarded without rhyme or reason. *Ocean Accident &c. Corp. v. Lane,* 64 Ga. App. 149 (1) (12 SE2d 413); *Liberty Mut. Ins. Co. v. Williams,* 44 Ga. App. 452 (1) (161 SE 853). To the contrary, it has been held that a person knows more about his own injuries and suffering than "a whole college of physicians." *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (1) (60 SE 297). The party testifies to *facts;* the physician testifies merely to his *opinion.*

The judge of superior court was correct in his ruling. It is true that an earlier injury was held noncompensable. But claimant testified *to a new injury* which occurred after the first injury (T. p. 116), which testimony *was not refuted;* and in addition, the employer required her to work and aggravate her existing injury (even though the first injury was not compensable), and such aggravation was likewise compensable. It was equivalent to a new injury. Thus we have the new injury, and the aggravation of the existing injury, either of which authorized the judge of superior court to decide in claimant's favor. Claimant's testimony was *not rebutted.* See *Thomas v. Ford Motor Co.,* 123 Ga. 512 (181 SE2d 874); *Shipman v. Employers Mut. &c. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72).

I submit that this case should be affirmed, and I therefore dissent.

1. In a well-reasoned and comprehensive decision of this court, written by Judge Deen, concurred in by Chief Judge Bell and Judge Pannell, it was held that: "[a]ggravation of a pre-existing infirmity, whether congenital or otherwise, is compensable." *Thomas v. Ford*

*Motor Co.,* 123 Ga. App. 512, 514, supra; *Manufacturers Cas. Co. v. Peacock,* 97 Ga. App. 26 (101 SE2d 898); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). In addition, the *Thomas* case holds that: "[j]ob-connected duties of lifting, stooping and bending combined with a pre-existing congenital infirmity to result in temporary total disability of the employee-claimant for a period of time, including hospitalization, his loss of time and medical expenses are compensable . . ."

2. In *City of Atlanta v. Hampton,* 139 Ga. 389, 390 (5) (77 SE 393), the Supreme Court held that the trial court correctly charged that one is entitled to recover for aggravation of a pre-existing infirmity, even though plaintiff contends her injury was caused entirely by her fall on a defective sidewalk. In *Whatley v. Henry,* 65 Ga. App. 668, 669 (4) (16 SE2d 214), it is held: "The sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another. The recovery may be not only for those independent of, but also in aggravation of, such sickness or disease." And in *Bray v. Latham,* 81 Ga. 640 (2), 644, it is held that: "previous ill-health should be considered as a state calling for more forbearance on the part of a wrong-doer, than a state of robust health. . . Where the subject of a tort is already diseased, the question should be how much, if any, the tort contributed to aggravate or protract the disorder. . . To cause sickness wrongfully, or to aggravate or protract it, is an injury to health 'for which damages are recoverable."

3. In this case, the claimant was entitled to an award both because of the aggravation of her existing condition and because of the new injury suffered by her inasmuch as none of her testimony was rebutted. See *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, supra; *Shipman v. Employers Mut. &c. Ins. Co.,* 105 Ga. App. 487, supra.

I am authorized to state that Presiding Judge Deen joins in this dissent.