## 51758. LEWIS v. MARYLAND CASUALTY COMPANY et al.

MARSHALL, Judge.

This appeal by the widow of a deceased employee follows from an affirmance by the Superior Court of Muscogee County of a denial of compensation by the State Board of Workmen's Compensation. That board had adopted as its own, the findings and conclusions of the administrative law judge denying compensation for lack of connection between death and employment duties. Appellant enumerates as error the upholding by the superior court of the award by the full board on the grounds the award was contrary to the evidence and erroneously failed to find that the deceased employee was in the course of his employment at the time of his death. *Held:*

The facts produced before the administrative law judge were that the deceased Lewis and one Moncus delivered a tractor owned by the employer to the residence of a friend of the employer. The tractor was delivered

shortly before 6:00 p.m. on March 1, 1975, the date of the death of deceased. Moncus followed in his own vehicle the truck and trailer driven by the deceased used to deliver the tractor. After leaving the truck, trailer and tractor at the friend's house, Moncus and Lewis together in Moncus' vehicle started "bar hopping." Sometime around 9:00 p.m. Lewis borrowed the Moncus' vehicle in order to take his (Lewis') paycheck to Mrs. Lewis so she could buy some groceries. He was supposed to return shortly to pick up Moncus who had been left at a female friend's house. There was evidence that Lewis went home, changed clothes and told his wife he had to go back to work on a tractor. The employer and Moncus both denied there was any requirement for Lewis to work that night nor is there any evidence that Lewis was engaged in ascertainable work for the employer. The deceased was seen at about 9:00 p.m. on the grounds of the employer's place of business either putting something into or taking something out of Moncus' vehicle. Immediately thereafter, the deceased drove the vehicle from the business premises, lost control of the vehicle about 50-100 yards therefrom, left the road and was fatally injured. There was evidence that the deceased was not dressed in work clothes and had a girl friend in a housing area adjacent to the place of business. Moncus denied that either he or Lewis was engaged in or were required to be engaged in duties related to their employment after the tractor was delivered at 6:00 p.m. He also asserted that his vehicle was used solely for personal transportation and denied it was ever used except for his own personal convenience.

Based upon these and other facts adduced at the hearing, the administrative law judge found ". . .that the employee was free to return home after delivering the tractor and that there is no evidence that he was on any mission for the employer at the time of his death. I, therefore, find that the employee was not in the course of his employment at the time of his accident and death." These findings are overwhelmingly supported by the evidence of record.

Neither a superior court nor this court can substitute its judgment as to issues of fact for that of the State Board

of Workmen's Compensation. We are not authorized to do so by virtue of Ga. L. 1920, p. 198; 1931, pp. 7, 43 (Code Ann. § 114-710). If there is any evidence in the record to support them, the findings and award of the State Board of Workmen's Compensation must be affirmed. In this case the full board found, by adoption, that the deceased was not engaged in any legitimate activities on behalf of his employer at the time of his death. There is ample evidence in the record to substantiate these conclusions. While there were unsupported inferences that he might have been engaged in some unknown duty on behalf of the employer, it was the duty of the administrative law judge and the full board to determine the issues of fact. Once this determination is made, it becomes conclusive and binding as to all questions of fact, so long as there is any evidence to support it. Code Ann. § 114-710; *Continental Cas. Co. v. Weise,* 136 Ga. App. 353, 354 (221 SE2d 461); *Lee v. General Acc. Group,* 112 Ga. App. 197 (144 SE2d 457). We affirm:

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs specially.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 5, 1976.

*L. B. Kent,* for appellant.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, Richard S. Howell,* for appellees.

EVANS, Judge, concurring specially.

I concur fully with the findings of the majority. However, I do not agree that *Continental Cas. Co. v. Weise,* 136 Ga. App. 353, 354 (221 SE2d 461) is authority for the findings herein. The facts of that case are entirely different, and, in my opinion, in the *Weise* case the facts required that the case be remanded for further consideration by the Workmen's Compensation Board. Here there was conflicting testimony and the board chose to rule against the claimant and I am bound by the rule which requires us to uphold the finding of a fact-finding body where there is any evidence to support its finding. Neither the superior court nor this court may substitute

its judgment on issues of fact for that of the state board.