51817. SPEIGHT v. CONTAINER CORPORATION OF AMERICA.

PANNELL, Presiding Judge.

The deputy director determined that claimant was totally disabled due to work-related injuries. The full board reversed the award of the deputy director and awarded claimant compensation for a 35% disability. Claimant appealed the award of the full board to the Superior Court of DeKalb County. The court affirmed the award of the full board, holding that the "any evidence" rule applied and that there was evidence in the record to support the award.

The record shows that appellant's left knee was injured on April 26, 1972, while she was at work. Claimant testified that a box of tape fell on her leg and caused something to "crack" in her left knee. This injury resulted in a knee operation on July 14, 1972.

Claimant returned to work on January 25, 1973. She received compensation for total incapacitation resulting from the above injury from the date of the operation until she returned to work on January 25, 1973.

Claimant testified that her right knee began to hurt after she returned to work. Her job consisted of standing on a concrete floor for 8 hours a day and stepping up and down approximately 1,000 times a day to pick up cartons. Claimant testified that her legs "got worse and worse with the heavy lifting." She said that she left her job on July 9,

1973, pursuant to her doctor's advice. On October 26, 1973, claimant underwent corrective surgery whereby her left knee cap was removed. Dr. Rutledge testified that the claimant had made a good recovery from the operation of July 26, 1972. He said that claimant returned to work in January, 1973, with 35% disability in her left leg. Dr. Rutledge said that he saw the claimant in July, 1973, and that she complained of pains in her left knee. The doctor testified that claimant was suffering from degenerative arthritis and that, in his opinion, the arthritic condition was not caused by the previous injury or aggravated by claimant's job activities. He testified that this degenerative arthritic process was self-limited and could not be "blamed" on any type of activity.

Another doctor testified that claimant's job activities may have been difficult or painful because of her arthritic condition, but that these job activities would not have "aggravated" her condition. A third doctor testified that the type of work performed by claimant on the job would have aggravated her condition and that the injury to her left knee could have brought about the arthritic condition in her right knee.

In its findings of fact, the full board found that the injury to the knee sustained on April 26, 1972, occurred in the course of claimant's employment and that claimant was 35% incapacitated in her left work-injured knee. The board found that the "osteoarthritic symptomatology which manifested itself subsequent to her return to work was not causally related to the April 26, 1973, injury but was a natural part of the aging process. . . The arthritic condition which resulted in corrective surgery on October 26, 1973, did not occur in the course of nor did it arise out of the claimant's employment. . . Claimant's departure from work on July 9, 1973, was due not to the April 26, 1972, injury, but to pain resulting from her arthritic condition." The majority of the full board entered an award for 35% disability to claimant's left leg and directed the employer to pay the medical expenses resulting from the April 26 injury.

"Neither the Superior Court of DeKalb County nor this court can substitute its judgment as to issues of fact for that of the State Board of Workmen's Compensation.

We are not authorized to do so by statute (Code Ann. § 114-710) and it has been so held countless times. . . If there is any evidence in the record to support them, the findings and award of the State Board of Workmen's Compensation must be affirmed." *Continental Cas. Co. v. Weise,* 136 Ga. App. 353, 354 (221 SE2d 461). In this case, there was evidence to support the findings and award of the board. There was also evidence which would have supported an award of total disability for the claimant. It is the duty of the full board to determine issues of fact. "Once this determination is made, it is 'conclusive and binding as to all questions of fact.' . . . Code Ann. § 114-710." *Continental Cas. Co. v. Weise,* supra, p. 355.

The superior court committed no error in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs specially.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED MARCH 9, 1976.

*Jack Dorsey,* for appellant.
*Gambrell, Russell, Killorin & Forbes, Jack Morse, Edward W. Killorin,* for appellee.

EVANS, Judge, concurring specially.
I concur fully with the findings of the majority. However, I do not agree that *Continental Cas. Co. v. Weise,* 136 Ga. App. 353 (221 SE2d 461) is authority for the findings herein. The facts of that case are entirely different, and, in my opinion, in the *Weise* case the facts required that the case be remanded for further consideration by the Workmen's Compensation Board. Here there was conflicting testimony and the board chose to rule against the claimant and I am bound by the rule which requires us to uphold the finding of a fact-finding body where there is any evidence to support its finding. Neither the superior court nor this court may substitute its judgment on issues of fact for that of the state board.