## 51780. WILLIAMS v. MORRISON ASSURANCE COMPANY et al.

PANNELL, Presiding Judge.

The deputy director denied appellant's claim for workmen's compensation. The full board affirmed the award of the deputy director denying compensation. Claimant appealed the decision of the full board to the Superior Court of Clayton County, which affirmed the award of the board.

The evidence showed that claimant injured his back

while working for the employer in 1968. The employer paid for claimant's medical expenses; however, no claim was ever made for this injury and no agreement was entered into between the claimant and his employer regarding compensation.

Claimant returned to work in 1968 and continued to work for the employer until 1974. He testified that his duties were changed in 1974; and he was then required to lift rounds of beef weighing 50 to 60 pounds. He said that this caused his back to begin hurting and that he reported this back trouble to the plant supervisors.

In September, 1974, claimant told his foreman that he needed to see a doctor about his back. The foreman told him that the company could not provide treatment because it had been too long since claimant had been to a doctor and "that the time had lapsed or something." The next day, September 27, claimant asked to get off work early in order to visit his doctor. That afternoon, claimant was laid off. The plant supervisor testified that the lay-off was not affected by claimant's back trouble, but that it was the result of a cut-back in plant employees.

On September 30, 1974, claimant visited Dr. Johnson. The doctor certified that claimant was totally incapacitated. Another doctor testified that claimant was suffering from chronic degenerative disc disease. He said that this condition had probably developed over many years but that often one specific incident can trigger the onset of a person's pain and symptoms.

The deputy director made the following pertinent findings of fact: "6. I find as a matter of fact that although over the period of years the claimant may have had difficulty with pains in his back and made complaints; *the evidence does not show that notice of a new accident was given, nor did one occur.* In fact, the claimant was capable of performing the duties of his employment up until he was notified of his termination and there is *no indication that the previous back condition was aggravated to such an extent that it caused disability.* 7. I find as a matter of fact that the two year period provided by law for a change in condition has since tolled in this case and that the claimant has not carried the burden of proof to show a subsequent compensable accident and injury and

therefore the claim must be denied." (Emphasis supplied.) The full board adopted these findings of fact and conclusions of law.

1. Appellant contends that the findings of fact indicate that the award is based upon an erroneous legal theory; and therefore, it should be remanded to the board for further findings. " 'If an award of the State Board of Workmen's Compensation is authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, provided that the award was not based upon an erroneous legal theory which precluded the consideration by the board or hearing director of evidence which, if the same had been considered, would have authorized a contrary result.' *Fidelity &c. Co. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406). However, where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mutual Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905)." *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 247 (141 SE2d 223).

The board found that there was "no indication" that the previous back condition was aggravated to such an extent that it caused disability. We interpret "no indication" to mean that there was no evidence which would authorize such a finding. However, there was sufficient evidence in the record before the board to authorize a finding that the claimant's back condition was aggravated to such an extent that it caused disability. See *Thomas v. Ford Motor Co.,* 123 Ga. App. 512 (181 SE2d 874); *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266 (3) (76 SE2d 568).

It is not our opinion that the evidence *demanded* a finding that claimant's back condition was aggravated to such an extent that it caused disability; however, there was evidence which would have *authorized* such a finding. The board's finding that there was *no* such evidence indicates that it was based on an erroneous legal theory.

In the present case, there was evidence that

claimant's previous back condition was aggravated by having to lift heavy rounds of beef at work. This condition manifested itself in pain sufficient to require claimant to seek medical attention in September, 1974. The doctor found the claimant to be totally incapacitated.

"It is well settled that aggravation of a pre-existing infirmity, whether congenital or otherwise is compensable. *Manufacturers Cas. Ins. Co. v. Peacock,* 97 Ga. App. 26 (101 SE2d 898); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). It is also well settled that where a disability results which is objectively physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one 'accident' at a specifiable time and place to which the result may be attributable. *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72)." *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, 514 (181 SE2d 874). "[A]ggravation by continued work of a previous injury is a 'new accident.'" *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332, 333 (177 SE2d 125).

"Where the employment is by its nature so strenuous that it, combined with the disease, is sufficient to bring on symptoms of pain, indigestion, suffocation and constriction which are physically disabling, and the medical opinion is that such disability is total and permanent, it becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both." *Cox v. Employers Mut. Liability Ins. Co.,* 122 Ga. App. 659 (178 SE2d 287).

In the present case, a doctor testified that claimant's condition had probably developed over many years but that often one specific incident can trigger the onset of pain and symptoms. This testimony presented a question for the fact finding tribunal as to whether the pain and symptoms of claimant were a symptom of a self-contained condition or were a disability to which the exertion on his job was a contributing factor.

The evidence considered by the board would have authorized a finding that claimant's previous back

condition was aggravated so as to cause disability. It is our opinion that the board's award, stating as its basis that there was no such evidence, shows that it is based on an erroneous legal theory. This part of the judgment which affirms this part of the award must be reversed with direction to remand the case to the board for further action consistent with this opinion.

2. The board also found that the evidence did not show that notice of a new accident was given. The uncontroverted evidence shows that claimant told his supervisor in September, 1974, that his back was hurting and that he wanted to go to a doctor at the company's expense. In *Ga. Pacific Corp. v. Buchanan,* 113 Ga. App. 844 (149 SE2d 831), the claimant left his job to visit the doctor because of pain, and the employer had knowledge of such facts. This court held that such notice was sufficient to put the employer on inquiry as to the circumstances surrounding such disability. The Supreme Court has held that the notice required "is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899).

In the present case, claimant's supervisor testified that claimant told him that his back was hurting and *requested to see the company doctor.* This evidence is not disputed. It is our opinion that the employer's knowledge of these facts was sufficient to put him on *notice* of an injury arising out of and in the course of claimant's employment. And it was certainly sufficient to put him on inquiry as to the circumstances surrounding claimant's disability. It is our opinion that the evidence did not authorize a finding that no notice was given the employer.

3. The board found that the two-year period for a change in condition had been "tolled in this case." No prior award or settlement was ever made between the parties or approved by the board; accordingly, the statutory provision relating to "change of condition" is not applicable to the present case. See Code § 114-709.

*Judgment reversed with direction that it be remanded to the board for further finding in conformance*

*with this opinion. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 19, 1976.

*George & George, William V. George, Lavinia B. George,* for appellant.
*John M. Williams, Cullen Hammond,* for appellees.