## 68603. ST. REGIS FLEXIBLE PACKAGING CORPORATION et al. v. HELM.
(322 SE2d 549)

CARLEY, Judge.

Appellee-claimant was employed by appellant-employer, performing jobs that required heavy lifting. In 1974, claimant began to experience back problems. During the course of his employment, claimant's back pain gradually worsened. In 1982, he was no longer able to perform his duties and was forced to cease work. Claimant then filed a claim for workers' compensation. Following a hearing, the Administrative Law Judge (ALJ) denied the claim. Insofar as they are

relevant to the instant appeal, the findings of the ALJ were as follows: "[A]ll of the medical opinions and reports show as a matter of fact a general deterioration in the claimant's physical condition with multi-level degenerative disc disease with stenosis, rediculitis and myositis as well as some evidence of obesity and psychological overlay as a result of the various bodily complaints and pain . . . however, consideration of all the medical evidence and the fact that the claimant applied for group insurance and received group and medical benefits for the maximum period allowed under the plan and apparently upon cessation of those benefits, the claimant then decided to pursue additional benefits under the Workers' Compensation law and I find as a matter of fact that the claimant's ultimate disability and inability to perform the duties of his employment was not the result of a compensable accident which arose in and out of the course of his employment but was due to the normal aging process, an intervening automobile accident, and an arthritic condition which has affected the claimant's knees, spine and other parts of his body and that he has not carried the burden of proof to show that he is entitled to workers' compensation benefits and, therefore, the claim must be denied." The ALJ's award also contained the contradictory findings that "notice was given within the statutory period" and that "there was apparently no notice given as required by law."

The full State Board of Workers' Compensation (Board) adopted the ALJ's findings and conclusions. On appeal to the superior court, the award was vacated and the claim remanded to the Board for additional evidence "on the issue of whether claimant's disability arose from in whole or in part, any aggravation of his general condition by his employment responsibilities at [appellant-employer]." The superior court's order also required "more complete and consistent findings of fact and conclusions of law, and that on remand, the Board shall find that statutory notice was provided as required." Appellants' application for a discretionary appeal to this court was granted.

1. Appellants contend that under OCGA § 34-9-105 (c) and (d), the superior court erred in vacating the Board's award and remanding the case for further proceedings. Claimant, however, asserts that the superior court properly set aside the award and remanded pursuant to OCGA § 34-9-105, because the Board failed to make specific findings of fact on material issues in the case, failed to consider all of the evidence, and made contradictory findings.

With regard to claimant's first contention, he specifically urges that the Board failed to address the issue of whether his disability arose from any aggravation of his general or pre-existing condition as a result of his employment responsibilities with appellant-employer. Claimant points to the fact that in its award, the Board did not use the terms "aggravation of a general or pre-existing condition." What

the Board did find was that "the claimant's ultimate disability, and inability to perform the duties of his employment was not the result of a *compensable accident* which arose in and out of the course of his employment . . . ." (Emphasis supplied.) Claimant argues that this language indicates that the Board failed to address the crucial issue of aggravation, and, more importantly, that the Board operated under the erroneous legal theory that a specific "accident" or "injury" must occur on the job in order to constitute a compensable injury.

This court has long held that there may be recovery of compensation due to an aggravation of a pre-existing condition. See *Manufacturers Cas. Ins. Co. v. Peacock*, 97 Ga. App. 26 (101 SE2d 898) (1958). However, the phrase "compensable accident" employed by the Board and the words "accidental injury" have been used repeatedly to encompass the concept of aggravation of a pre-existing condition. "Even where the employee had a pre-existing ailment which the overexertion or strain caused to flare up and become aggravated, it was properly ruled to have been an accidental injury arising out of and during the course of the employment, and compensable. [Cits.]" *Mass. Bonding & Ins. Co. v. Turk*, 84 Ga. App. 547, 550 (66 SE2d 364) (1951). See also *Cotton States Ins. Co. v. Rutledge*, 139 Ga. App. 729, 730 (1) (229 SE2d 531) (1976); *Thomas v. Ford Motor Co.*, 123 Ga. App. 512 (181 SE2d 874) (1971); *Speight v. Container Corp.*, 138 Ga. App. 45 (225 SE2d 496) (1976).

Thus, the Board's finding of no "compensable accident" is, at most, subject to more than one construction: Either the Board was in error as the claimant asserts, or the Board employed the phrase to encompass the concept of aggravation. "The Court of Appeals has previously held that the findings of fact in the report of the Board of [Workers'] Compensation are filed in order that the losing party may intelligently prepare his appeal, that 'legal precision and nicety in the report should not be insisted upon,' and if the report is subject to two constructions, one of which would render the award invalid, and one of which would with equal reason render it valid, it 'should be construed, after judgment, to be that which will make the judgment valid.' [Cits.]" *Gatrell v. Employers &c. Ins. Co.*, 226 Ga. 688, 690 (177 SE2d 77) (1970). See also *Employers Ins. Co. v. Brackett*, 114 Ga. App. 661 (152 SE2d 420) (1966).

It is clear that, from the outset, the main issue before the Board was whether or not claimant's disability arose from an aggravation of his general or pre-existing condition, which aggravation was caused by his employment responsibilities. The Board's award found no "compensable accident" and made the additional finding that claimant's disability was caused by "the normal aging process, an intervening automobile accident, and an arthritic condition which has affected the claimant's knees, spine and other parts of his body . . . ." The only

reasonable construction of the Board's award is that it found no work-related aggravation, and that such finding was merely termed as no "compensable accident." Accordingly, we find that when the award denying compensation is properly construed, it was not based on an erroneous legal theory, and did not fail to make findings of fact on material issues in the case.

2. Claimant also contends that the superior court correctly set aside the award on the ground that the Board failed to consider all of the medical evidence of record. "There is no requirement that [the] findings make specific reference to all evidence presented at the hearing. [Cits.] The award of the full board states: 'Upon de novo consideration of *all* evidence, the Board makes the findings and conclusions of the Administrative Law Judge its findings and conclusions.' Except for the fact that the findings do not specifically refer to [all of the medical reports presented at the hearing], there is no evidence that the full board did not consider such [evidence] upon its review of the matter. [Cit.]" (Emphasis in original.) *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360-361 (280 SE2d 140) (1981).

3. Claimant finally urges that the Board's findings were inconsistent concerning the giving of statutory notice. The record reveals, and all parties agree on appeal, that appellants' counsel stipulated at the hearing that the required notice had been given. Our review of the record shows that the Board's denial of the claim was not based upon the issue of notice. "Therefore, whether the finding of fact in regard to this issue was incorrect or not, a reversal of this case would not be required because such fact *was not* and should not have been a controlling factor in determining whether the claimant was entitled to compensation." (Emphasis supplied.) *Continental Ins. Co. v. Lamar*, 147 Ga. App. 487, 488 (249 SE2d 304) (1978).

4. "The findings of fact by the State Board of Workers' Compensation are conclusive and binding on a reviewing court when supported by any evidence and the judge of a superior court does not have any authority to set aside an award based upon such findings of fact. Such award should be affirmed if there is any evidence to sustain it, even though such evidence is conflicting, or not altogether complete and satisfactory." *Cooper v. Simmons Co.*, 154 Ga. App. 260, 261 (267 SE2d 866) (1980). There is sufficient evidence to support the Board's findings that claimant's disability did not arise from any aggravation of his general condition which was caused by his employment responsibilities at appellant-employer. The trial court erred in setting aside the award and remanding the case to the Board.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

*E. Harold Stone*, for appellants.
*Kenneth J. Rajotte*, for appellee.