33667.   GENERAL MOTORS CORP. *v.* DEATON.

DECIDED JULY 16, 1951.

*Neely, Marshall & Greene,* for plaintiff in error.

*Harry Monroe, T. Elton Drake, John M. Williams,* contra.

TOWNSEND, J.  (After stating the foregoing facts.)

■  It is the contention of counsel for the plaintiff in error that as the injury on which the award was based occurred on August 26, 1949, and as no claim was ever made for an injury occurring on this date until the second hearing before the board on August 29, 1950, the claim is barred because not filed within one year as provided by Code § 114-305.  There is no dispute but that the injury for which the claimant sought to obtain compensation was that resulting from an accident in 1949 when he contended that he slipped on gasoline spilled over the floor, and which accident he reported to his employer, and for which he received first-aid treatment.  The claimant and other witnesses erroneosuly placed this occurrence in November instead of August, 1949, but stated that they did not remember the exact date and were acting on their belief of what the company records showed.  These records were not produced until the second hearing, under legal process.  As in *General Motors Corp.* v. *Pruitt,* 83 *Ga. App.* 620 (64 S. E. 2d, 339), it must be held that while the claimant did not remember the exact date and erroneously testified as to it, examination of the whole record conclusively shows the date on which he was injured and received treatment from his employer.  The testimony of Dr. McClung was to the effect that the claimant was suffering from a disc lesion, which is always traumatic in origin, and that this injury, aggravated by the second wrenching strain on his back at the time he dropped the screwdriver, was the cause of the disability.  The fact that Dr. McClung was also under the erroneous impression that the first injury occurred in November instead of August does not invalidate his testimony, it appearing from the testimony as a whole that he was basing his opinion on the fact of injury rather than the time of injury, and that the claimant told him when he came for examination that he did not remember the exact time.  Since the date is definitely established by the record as a whole, and since a claim was made within twelve months of that date, the claim was filed with the Board of Workmen's Compensation in time.

■  The fact that the claimant claimed disability insurance

under a group policy for sickness which was non-occupational in origin does not estop him from claiming in this proceeding that the disability is caused from an accident arising out of and in the course of his employment, as this is a matter between himself and the insurance company. It is impeaching in character, being a contradictory statement made out of court and in the course of another transaction, and the weight and credit of his testimony in view of this prior contradictory statement is a matter for the fact-finding body to determine. See *Bankers Health & Life Ins. Co.* v. *Nichols,* 44 *Ga. App.* 536 (1) (162 S. E. 161); *Haywood* v. *State,* 114 *Ga.* 111 (1) (39 S. E. 948); Code, § 38-1806. The claimant testified that at the time he signed the papers he was under the impression that he was signing for "compensation," and it would appear that this explanation was accepted by the director.

■ Of the four physicians whose testimony or reports were admitted in evidence and considered by the director, all were of the opinion that he was disabled. Three found this disability to be the result of a ruptured lumbar disc, and one found no evidence of a disc lesion. Of the three who diagnosed a ruptured disc, two were not definite as to whether the injury of August, 1949, or of April, 1950, was the proximate cause, but apparently attributed it to the latter. The third was definite that the 1949 injury, aggravated by the 1950 injury, was the cause of the disability. The director found that the injury of August 26, 1949, was the proximate cause of the disability and awarded compensation beginning May 31, 1950. Had he found that the injury of April, 1950, was the proximate cause, or that the two injuries together constituted a proximate cause, the result would have been the same. The fact of disability is not disputed, and that it arose out of and in the course of the employment is amply supported by the medical testimony and that of the claimant and his fellow employees. That the injury of August 26 specifically was a contributing proximate cause of the disability is authorized under the testimony of the claimant and Dr. McClung. Accordingly, the award of the Board of Workmen's Compensation is supported by competent evidence, and the Judge of the Superior Court of DeKalb County did not err in affirming the same.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*