45680.   PACIFIC INDEMNITY COMPANY et al. v. MOORMAN.

QUILLIAN, Judge. The claimant filed a claim for workmen's compensation benefits and received an award which stated that he had sustained a back injury which arose out of and in the course of his employment. The award was affirmed by the superior court and the case is here for review. *Held:*

1. The evidence shows that the claimant had back trouble prior to the injury in question. The appellant contends that the evidence was not sufficient to support the award. The medical evidence together with the claimant's testimony was sufficient to show that he received the injury and was disabled.

The appellant argues that the award should not stand because the necessary notice of the accident was not given to the employer. We can not agree with this argument because the claimant testified that he told his supervisor of the accident the day it happened. This evidence was sufficient to support the finding of fact in the award that the necessary notice had been given. *Rhodes v. Liberty Mut. Ins. Co.,* 101 Ga. App. 642 (115 SE2d 363).

2. The appellant contends that it should not be liable for the medical expenses because another insurance company had paid for the operation to the claimant's back. The fact that another

company had paid the claimant's medical expenses would not affect the appellant's liability. The payment of medical expenses without approval of the State Board of Workmen's Compensation is a mere gratuity. *Baggett Transportation Co. v. Barnes,* 113 Ga. App. 58 (147 SE2d 372). As was held in *Ga. Marble Co. v. McBee,* 90 Ga. App. 406 (3) (83 SE2d 253), the fact that a claimant received payments under a group health and accident insurance policy would not estop him from recovering workmen's compensation benefits.

3. The appellants also insist that the award should be set aside because the claimant should be estopped from receiving workmen's compensation benefits because his action amounted to fraud and his testimony was impeached. "No rule is more firmly established under the workmen's compensation law than that stated in *Maryland Casualty Company v. Hopkins,* 71 Ga. App. 175, 177 (30 SE2d 357): 'The workmen's compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. . . The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence were matters for determination by the board.'" *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED OCTOBER 1, 1970—DECIDED NOVEMBER 23, 1970.

*Carl K. Nelson, Jr.,* for appellants.
*E. Hodges Rowland,* for appellee.