## 52520. COTTON STATES INSURANCE COMPANY et al. v. RUTLEDGE.

MARSHALL, Judge.

New Georgia Industries, as employer, and Cotton States, as insurer, bring this appeal from the order of the Superior Court of DeKalb County affirming an award of workmen's compensation to Rutledge for an alleged work-related injury.

Rutledge suffered from a progressive and degenerative atherosclerotic circulatory disease. He had experienced an earlier period of hospitalization for the same disease in February of 1974. At that time Rutledge was diagnosed as having a chronic atherosclerotic condition with narrowing in the middle cerebral artery. He was advised not to engage in activity that would require frequent or prolonged stooping or squatting as that would tend to pool the blood in his lower extremities and lower the blood pressure in his upper extremities. In June, 1974, Rutledge was working in a six-foot ditch laying pipe. He was required to bend and stoop in order to carry on his normal duties. On the day of the alleged work-related injury, Rutledge experienced an occlusion of the middle cerebral artery resulting in a cerebral infarction causing a stroke. As a result of this stroke, Rutledge is partially paralyzed and experiences a speech impediment. It is not contested that he is totally disabled. Expert medical testimony by the attending physician established that Rutledge's circulatory condition had no

relation to his employment but was the product of a progressive disease. Nevertheless the same physician testified that the stooping and squatting while on the job could have aggravated the preexisting condition.

Appellants contend that Rutledge's present disability is a product of a natural disease and is not job-related. They enumerate as error the insufficiency of the evidence to support the findings of the administrative law judge, a majority of the full board and the superior court concluding that the injury was job-related; that there was insufficient notice of the injury to the employer; and lastly, that Rutledge is estopped from claiming an industrial accident, since for a number of months he accepted hospitalization benefits, and, in order to obtain these benefits, he denied that the stroke was an industrial accident. *Held:*

1. It is well settled that aggravation of a preexisting infirmity, whether congenital or otherwise, is compensable. *Manufacturers Cas. Ins. Co. v. Peacock,* 97 Ga. App. 26 (101 SE2d 898); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). Moreover, though the occlusion occurred in the area of the previously diagnosed narrowing of the middle cerebral artery, aggravation by continued work of a previous injury is a "new accident" and is compensable. *National Union Fire Ins. Co. v. Johnson,* 122 Ga. App. 332, 333 (177 SE2d 125); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 194 (225 SE2d 778); *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (1) (21 SE2d 478). There was some evidence that the injury in this case could have been the result of work-related aggravation. Such a finding of fact by the administrative law judge was supported by some evidence and is conclusive and binding on the superior court and this court. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 10 (1) (35 SE2d 521); *Speight v. Container Corp.,* 138 Ga. App. 45, 46 (225 SE2d 496). Complaints that the findings are not supported by the evidence are without merit.

2. In their second principal enumeration of error, appellants assert that, while Rutledge may have made

known to his employer that he was ill, at no time has Rutledge formally notified his employer that the stroke was an industrial accident related to his occupational duties. This same argument was advanced and convincingly rejected by the Supreme Court in *Schwartz v. Greenbaum,* 236 Ga. 476. In that case, it was held that the required notice need not be given with a view to claiming compensation and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. The evidence before the administrative law judge meets that test more than adequately. This enumeration is without merit. *Pacific Indem. Co. v. Moorman,* 122 Ga. App. 881 (179 SE2d 103).

3. The final enumeration of error claims that Rutledge is estopped from claiming an industrial accident arising out of his employment since for several months he collected medical insurance from his employer and on each medical payment claim avowed that the illness was not a compensable industrial accident. This argument founders on the shoal that the claim for medical insurance was between the claimant, Rutledge, and the employer's group insurance carrier, John Hancock, a different insurer than the appellant Cotton States. While the denials of an industrial accident appearing in the medical insurance claims might be impeaching as to the claim for workmen's compensation, these denials do not estop Rutledge from claiming in a different proceeding and from a different carrier that his disability was caused from an accident arising in the course of his employment. The weight and credit of his testimony in view of this contradictory statement is a matter for the fact-finding body to determine. *General Motors Corp. v. Deaton,* 84 Ga. App. 348 (2) (66 SE2d 431); *Pacific Indem. Co. v. Moorman,* 122 Ga. App. 881, supra. The finding by the administrative law judge that the stroke was related to Rutledge's employment is credible and supported by the evidence.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Argued September 7, 1976 — Decided September 30, 1976.

732

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*George & George, William V. George,* for appellee.