CARROLL HOLT, Appellant, v. NEVADA
INDUSTRIAL COMMISSION, Respondent.

No. 9819

May 17, 1978                                       578 P.2d 752

*A. J. Bayer, Jr.,* Carson City, for Appellant.

*Don Aimar,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

. During the course of his employment for the Nevada State Highway Department, appellant contracted chronic obstructive pulmonary disease. Appellant sought, and was granted recovery from the Nevada Industrial Commission for medical care, and periods of temporary total disability. However, the Commission denied appellant's request for permanent partial disability benefits, pursuant to NRS 617.430(1).[1] Appellant

---

[1]NRS 617.430(1) provides:

Every employee who is disabled or dies because of an occupational disease,

subsequently petitioned the district court for review, claiming the statute was unconstitutional and violative of the equal protection clause of the federal constitution. The district court determined the statute was not unconstitutional in the respect claimed. We affirm that determination.

NRS 617.430(1) clearly provides benefits for medical, temporary disability, permanent total disability and death, to employees who suffer "occupational disease." However, the statute fails to provide permanent partial disability benefits. Such benefits may only be awarded to employees "injured by an accident." NRS 616.605. Appellant claims this statutory scheme arbitrarily discriminates against employees who suffer disability through disease as opposed to injury. We disagree.

"A[n economic or regulatory] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." Koontz v. State, 90 Nev. 419, 421, 529 P.2d 211 (1974). Here, it is evident the legislature had a rational basis for denying permanent partial disability benefits to individuals suffering from an occupational disease. Diseases take a period of time to develop, and objective manifestations exacerbate and remit as an illness progresses. Arguably, this exacerbation-remission cycle makes it difficult to assess the anatomical percentage which may be assigned to a partial disability, and, therefore, we view the legislature as justified in drawing the distinction in question. We note, since 1947 the legislature has paid particular attention to the Occupational Disease Act through repeated amendment, but has never seen fit to provide permanent partial disability awards for occupational respiratory diseases. See NRS 617.300; NRS 617.325; NRS 617.430; NRS 617.460; NRS 617.470. While it may be a better practice to provide such compensation to a diseased employee, that determination must rest with the legislature. We therefore find that NRS 617.430(1) is not unconstitutional as claimed, cf. Denio v. Western Alloyed Steel Castings Co., 103 N.W.2d 384 (Minn. 1960); Masich v. U.S. Smelting, Refining & Mining Co., 191 P.2d 612 (Utah 1948); Cifolo v. General

---

as defined in this chapter, arising out of and in the course of employment in the State of Nevada, or the dependents, as that term is defined in chapter 616 of NRS, of an employee whose death is caused by an occupational disease, shall, on and after July 1, 1947, be entitled to the compensation provided by chapter 616 for temporary disability, permanent total disability, or death, as the facts may warrant, subject to the modifications mentioned in this chapter.

Electric Co., 112 N.E.2d 197 (N.Y.App. 1953), and affirm the district court's jugment.[2]

---

[2]Appellant's other contention was not raised in the lower court, and will not be considered on appeal. *See, e.g.,* Worthington Motors v. Crouse, 80 Nev. 147, 390 P.2d 229 (1964).