### 69903. WHITAKER v. FIELDCREST MILLS, INC.
(330 SE2d 761)

DEEN, Presiding Judge.

The appellant, James Whitaker, filed a claim for workers' compensation on January 26, 1981, alleging disability as of April 18, 1980, due to byssinosis. The appellee employer filed its report of injury or occupational disease on March 5, 1981, indicating that it was first informed of the alleged injury on February 26, 1981, and its notice to controvert payment of compensation on March 18, 1981. On June 19, 1981, however, the employer entered a stipulation consenting to pay the appellant benefits of $110 per week for 117.25 weeks, for a permanent partial disability based on a disability rating of 33.5 percent to the body as a whole, and fixing the date of disability as November 1, 1980. (The appellant actually had continued to receive his full salary until November 1980.) The appellant accepted the weekly payments under that stipulation but reserved his right to pursue his claim for benefits for total disability due to byssinosis.

Following a hearing on October 27, 1981, the administrative law judge referred the case to the medical board for a determination of the extent of the appellant's respiratory impairment, and what proportion of that impairment was attributable to a compensable occupational disease. On September 30, 1981, the medical board rendered its opinion that the appellant was totally disabled by chronic obstructive pulmonary disease; it also found that byssinosis accounted for 45 percent of the respiratory impairment, while 55 percent of the impairment was attributable to causes unrelated to his employment. On January 3, 1983, the administrative law judge awarded the appellant benefits in the amount of $110 per week for a period of 157.5 weeks, beginning November 1, 1980, for a permanent partial disability of 45 percent to his body as a whole caused by byssinosis, pursuant to OCGA § 34-9-263 (c) (14). Both the full board and the superior court affirmed that award and this discretionary appeal followed. Held:

1. In this case, there was no real dispute that the appellant was totally disabled by his respiratory impairment. The medical evidence, however, indicated that the appellant's disabling respiratory impairment resulted from both byssinosis and other, non-work related

causes, in particular a history of smoking cigarettes for several years. Because this claim involved the question of to what extent the appellant is disabled by an occupational disease, the matter was properly referred to the medical board, the findings of which are conclusive on the board. OCGA § 34-9-311; *Hammock v. Davidson Granite Co.*, 107 Ga. App. 673 (131 SE2d 132) (1963); see also, *Seitzingers, Inc. v. Barnes*, 161 Ga. App. 855 (289 SE2d 315) (1982). There certainly was sufficient evidence to support the medical board's attribution of 45 percent of the appellant's respiratory impairment to the occupational disease of byssinosis and 55 percent to non-work related causes.

In the eventual decision, the administrative law judge classified the appellant's condition as a permanent partial disability to his body as a whole, and then awarded benefits for 157.5 weeks (reducing the maximum entitlement of 350 weeks by 45 percent) following the provisions of OCGA § 34-9-263 (c) (14). We agree with the appellant that this particular reduction of benefits was erroneous.

OCGA § 34-9-263 (c) (14) provides for a maximum number of 350 weeks of benefits for a permanent partial disability to the body as a whole. A permanent partial disability is "partial in character but permanent in quality resulting from loss or loss of use of body members or from the partial loss of use of the employee's body." OCGA § 34-9-263 (a). OCGA § 34-9-283 generally makes Section 34-9-263 applicable to occupational diseases. Nevertheless, we conclude that these provisions for a permanent partial disability are inapposite in this case because, quite simply, the appellant's disability is total and permanent. Where a totally disabled employee seeks compensation for an occupational disease, which is not the sole cause for the disabling impairment, the benefits properly are reduced by the proportion of any non-compensable cause(s) of the impairment, and it requires indulging a fiction to classify such a condition as only a permanent partial disability. OCGA § 34-9-285; see also *Yates v. United States Rubber Co.*, 100 Ga. App. 583, 588 (112 SE2d 182) (1959) (decided prior to the enactment of OCGA § 34-9-263 (c) (14)). Accordingly, the case must be remanded to the board for computation of the award under OCGA § 34-9-285.

2. We reject the appellant's contentions that he was entitled to imposition of a 15 percent penalty against the employer for failure to pay benefits timely after knowing that the appellant was disabled by byssinosis, and that he was entitled to attorney fees under OCGA §§ 34-9-108 and 34-9-221. OCGA § 34-9-108 provides for attorney fees where an employer contests a claim without reasonable grounds. One of the defenses asserted by the appellee employer was that any award for the appellant's occupational disease would have to be apportioned pursuant to OCGA § 34-9-285; since the appellee has prevailed on that point, its controverting the appellant's claim obviously was not

without reasonable grounds. See *Binswanger Glass Co. v. Brooks,* 160 Ga. App. 701 (288 SE2d 61) (1981).

The 15 percent penalty for nonpayment under OCGA § 34-9-221 (e) is not available where a notice to controvert has been filed under OCGA § 34-9-221 (d). It appearing that the appellee did not become aware of the claim filed by the appellant until February 26, 1981, the notice to controvert was, in fact, timely filed on March 18, 1981. The appellant contends that the appellee had the duty to file a report of injury and notice to controvert some time in 1980, since the employer surely was aware by then that the appellant suffered from byssinosis. However, an occupational disease does not become a compensable injury by accident until it results in the disablement of the employee. OCGA § 34-9-280 (2); *Yates v. United States Rubber Co.,* supra. The appellee was uninformed of the asserted disablement until the appellant filed his claim for compensation on January 26, 1981. OCGA § 34-9-80.

*Judgment reversed in part and affirmed in part. Pope and Beasley, JJ., concur.*

DECIDED APRIL 10, 1985.

*James E. Butler, Jr.,* for appellant.
*Max R. McGlamry,* for appellee.