NORMAN L. CULLEY AND MARY LOUISE CULLEY, HUSBAND AND WIFE; EVERETT DEAN GUSTIN AND LOIS LOUISE GUSTIN, HUSBAND AND WIFE; LOUIS G. NELSON; JOHN E. TURNER AND MARGARET JEAN TURNER, HUSBAND AND WIFE; MARY L. TURNER; AND JUDY DAVIS, ADMINISTRATRIX OF THE ESTATE OF JOE H. LESTER, SR., APPELLANTS, v. THE COUNTY OF ELKO AND THE CITY OF ELKO, BOTH POLITICAL SUBDIVISIONS OF THE STATE OF NEVADA, RESPONDENTS.

No. 16368

December 31, 1985                                711 P.2d 864

[Rehearing denied May 28, 1986]

*Glade L. Hall*, Reno, for Appellants.

*Barbara Inama, James H. Copenhaver,* and *Goicoechea & DiGrazia,* Elko, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order and judgment granting respondents' motion for involuntary dismissal pursuant to NRCP 41(b) of appellants' inverse condemnation and nuisance action against respondents.

Appellants are owners of six adjoining parcels of real property ("the subject properties") situated adjacent to the northwest corner of the Elko Municipal Airport ("the airport") runway. Though the subject properties are commercially zoned, the appellants reside in residences located on their respective parcels.

Prior to 1983, the airport runway was approximately 1,000 feet from the nearest contiguous subject property. Access to the subject properties was by a road that connected directly to the U.S. Highway 40.

In 1983, respondents extended the airport runway 1,300 feet. After the extension, the runway was approximately sixty feet

from the nearest contiguous subject property. Furthermore, the extension of the airport runway cut off appellants' access road. Respondents provided appellants with a different, dusty, less convenient, and more circuitous access road.

As a result of the extension of the airport runway, appellants filed a complaint in nuisance and inverse condemnation against respondents. The case was tried before a jury.

At trial, appellants testified that the extension of the airport runway caused increased levels of noise, dust, fumes, and vibration. Appellants also testified that the extension of the airport runway caused them fear and apprehension due to frequent low and direct overflights and several recent crashes and near misses. Finally, appellants testified that the relocation of their access road inconvenienced them.

Appellants' expert real estate appraiser testified that the replacement of the direct access road with the circuitous access road diminished the fair market value of the subject properties by fifty percent. Appellants' expert real estate appraiser also testified that because the highest and best use of the subject properties is commercial and not residential, the increased noise, dust, fumes, and vibration caused by the extension of the airport runway did not reduce the fair market value of the subject properties.

After two-and-a-half days of trial, the trial judge, after telling counsel that he was going to do so, drove, unaccompanied by counsel, to the subject properties and inspected the subject properties and the new access road. The next morning, appellants concluded the presentation of their case-in-chief. Respondents thereafter moved for involuntary dismissal of appellants' complaint pursuant to NRCP 41(b) on the grounds that upon the facts and the law appellants had failed to prove a sufficient case for the court or the jury. The trial court issued an order and judgment granting respondents' motion.

Appellants first argue that the district court erred in dismissing appellants' inverse condemnation cause of action. We agree.

Appellants' inverse condemnation cause of action was premised upon the theory that the extension of the airport runway cut off appellants' old, direct access road and forced appellants to rely upon a different, dusty, less convenient, and more circuitous access road. The success of such a claim depends upon the property owner's ability to demonstrate substantial impairment of access. State ex rel. Dep't Hwys. v. Linnecke, 86 Nev. 257, 468 P.2d 8 (1970).

The district court correctly held that the court must determine whether substantial impairment of access has been established as

a matter of law in inverse condemnation cases. Lied v. Clark County, 94 Nev. 257, 579 P.2d 171 (1978); State ex rel. Dep't Hwys. v. Linnecke, 86 Nev. 257, 468 P.2d 8 (1970). However, the district court incorrectly based its determination that substantial impairment of access had not been established as a matter of law in part on the district court judge's view of the new access road. The district court determination whether substantial impairment of access has been established as a matter of law must be based upon the evidence presented at trial.

A district court may grant a NRCP 41(b) motion for involuntary dismissal when, interpreting the evidence presented at trial in the light most favorable to plaintiff, upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984). Interpreting the evidence presented at trial in the light most favorable to appellants, the district court could not properly have held that substantial impairment of access had not been established as a matter of law. At trial, appellants testified that the relocation of their access road caused them significant inconvenience. And appellants' expert real estate appraiser testified that the replacement of the direct access road with the circuitous access road diminished the fair market value of the subject properties by fifty percent. Consequently, we hold that the district court erred in dismissing appellants' inverse condemnation cause of action.

Appellants next argue that the district court erred in dismissing appellant's nuisance cause of action. We agree.

An actionable nuisance is an intentional interference with the use and enjoyment of land that is both substantial and unreasonable. Jezowski v. City of Reno, 71 Nev. 233, 286 P.2d 257 (1955). Appellants presented considerable evidence at trial of respondents' substantial and unreasonable intentional interference with appellants' use and enjoyment of their land. Appellants testified that the extension of the airport runway caused significantly increased levels of noise, dust, fumes, and vibration. Appellants also testified that the extension of the airport runway caused them significant fear and apprehension due to frequent low and direct overflights and several recent crashes and near misses. Interpreting the evidence presented at trial in the light most favorable to appellants (Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984)), the district court could not properly have held that appellants had failed to demonstrate respondents' substantial and unreasonable intentional interference with appellants' use and

enjoyment of their land. Consequently, we hold that the district court erred in dismissing appellants' nuisance cause of action.[1]

Finally, appellants argue that the district court erred in excluding from evidence on relevancy grounds the minutes of various meetings of the Elko Board of Supervisors. We agree.

The minutes of the various meetings of the Elko Board of Supervisors excluded from evidence by the district court on relevancy grounds show that respondents recognized the impact on the subject properties of the extension of the airport runway; that the purpose of the extension of the airport runway was, in part, to shift the adverse impact of the airport operations away from downtown Elko and onto the subject properties; that respondents intended to acquire the subject properties because of the adverse impact on the subject properties of the extension of the airport runway; and that respondents refused to acquire the subject properties after the extension of the airport runway. This evidence is relevant to whether the extension of the airport runway created a substantial and unreasonable intentional interference with appellants' use and enjoyment of their property and, thus, to appellants' nuisance cause of action. Consequently, we hold that the district court erred in excluding this evidence. NRS 48.025.

We therefore reverse and remand for further proceedings consistent with this opinion.

---

[1]The district court based its decision to dismiss appellants' nuisance cause of action on the testimony of appellants' expert real estate appraiser that, because the highest and best use of the subject properties is commercial and not residential, the increased noise, dust, fumes, and vibration caused by the extension of the airport runway did not reduce the fair market value of the subject properties. This testimony was directed toward appellants' inverse condemnation cause of action. So long as appellants are able to demonstrate substantial and unreasonable intentional interference with their use and enjoyment of their land, it is irrelevant to appellants' nuisance cause of action that the interference did not reduce the fair market value of their property.