## 43157. PRICE v. LITHONIA LIGHTING COMPANY.
### (343 SE2d 688)

MARSHALL, Chief Justice.

We granted the appellant's application for discretionary appeal in this workers' compensation case. The question for decision concerns the constitutionality of OCGA § 34-9-285. Where an occupational disease aggravates, or is aggravated by a noncompensable disease or infirmity, § 34-9-285 provides that the workers' compensation award will be "limited only to such proportion of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as the causative factor, bears to all the causes of such disability or death." However, where an occupational disease is not involved, the Workers' Compensation Act (referred to hereinafter at times as the Act) contains no provision comparable to § 34-9-285. The appellant argues that this disparity in treatment violates the Equal Protection Clause. For reasons which follow, we hold that the appellant's constitutional attack is without merit.

The appellant, Gwendolyn Price, was employed by the appellee, Lithonia Lighting Company, for approximately 10 years. During her childhood and adolescence she had pneumonia, frequent colds, and coughs. As a result of her respiratory problems, she had to leave the job she had held prior to becoming employed by the appellee. Her lung problems were aggravated as a result of her breathing fumes, chemicals, or dust at her place of employment with the appellee. She was diagnosed as having, among other things, chronic bronchiectic lung disease.

She filed a claim for workers' compensation benefits with the State Board of Workers' Compensation. The administrative law judge found that there is a direct causal connection between the working conditions at the appellant's place of employment and the aggravation of her lung condition, and that the appellant, therefore, has "sustained an accident arising out of and in the course of her employment which aggravated her pre-existing lung problem." The administrative law judge also found that the appellant is totally disabled. Consequently, the appellant was awarded the sum of $135 per week for total economic disability, as well as medical expenses.

The appellee appealed to the Full Board of the State Board of Workers' Compensation. The full board referred the matter to the Medical Board of the State Board of Workers' Compensation under OCGA § 34-9-311. The medical board found that the appellant suffers from pre-existing bronchiectasis; that her condition has been aggravated as a result of her employment with the appellee; and that the appellant is totally disabled, but that only 10 percent of her disability is attributable to the aggravation of her condition as a result of her

employment. The full board adopted the findings of the medical board, and the appellant was awarded an indemnity benefit of $13.50 per week under OCGA § 34-9-285, supra, which provides:

"Where an occupational disease is aggravated by any other disease or infirmity not itself compensable or where disability or death from any other cause not itself compensable is aggravated, prolonged, accelerated, or in any other wise contributed to by an occupational disease, the compensation payable shall be reduced and limited only to such proportion of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as the causative factor, bears to all the causes of such disability or death. Compensation shall be adjusted by reducing the number of weekly payments or the amounts of such payments as, in the circumstances of the particular case, may be determined by the board."

Before the full board, the appellant argued that § 34-9-285 violates the Equal Protection Clauses of the United States and Georgia Constitutions. This argument was rejected. The appellant appealed the award of the full board to the Rockdale Superior Court under OCGA § 34-9-105. She again advanced the argument that § 34-9-285 unconstitutionally denies her equal protection. The superior court affirmed the award. We granted the appellant's application for discretionary appeal for the purpose of determining whether § 34-9-285 is unconstitutional, as argued by the appellant.

1. As a general matter, to authorize compensation under the Workers' Compensation Act, an employee must sustain an accidental injury arising out of and in the course of his employment. *Bibb Mfg. Co. v. Cowan*, 85 Ga. App. 816, 817 (70 SE2d 386) (1952).

In this regard, the Workers' Compensation Act provides that " '[i]njury' or 'personal injury' means only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results naturally and unavoidably from the accident." OCGA § 34-9-1 (4).

Accordingly, prior to enactment of the occupational-disease provisions of the Workers' Compensation Act, it was held: "In order to be compensable under the compensation act the disease must arise out of, or result from an accident or injury arising out of, and in the course of, the employment. If the facts show a causal connection between the injury and the development of the disease the victim of the disease is entitled to compensation. It has been held that where a disease results from a sudden or unexpected inhalation of gas or fumes it results from an accident or injury within the meaning of the compensation acts. Although the decisions on the subject are not uniform and can not be entirely reconciled, generally diseases resulting from un-

usual and unexpected inhalation of gas fumes or dust result from accident within the meaning of the compensation act, but where the injury is the natural result of the existence of conditions necessarily incidental to the work being performed, as where the resulting diseases are occupational diseases, it is held that they do not result from accident. 71 CJ 593, § 344." *Lumbermen's Mut. Cas. Co. v. Lynch*, 63 Ga. App. 530, 532-533 (11 SE2d 699) (1940).

2. However, "[t]he rapid industrial growth of World War II focused attention on harmful effects employees endured from use of 'elements, metals, and chemical by-products' in the manufacturing process. Morgan, L., 'Occupational Diseases Under the Georgia Workmen's Compensation Act,' 8 Mercer Law Review 333 (1957). The legislature added a new chapter to the existing workers' compensation code in 1946. It brought under the workers' compensation umbrella certain enumerated occupational diseases. They were limited to four: (1) poisoning (by certain agents); (2) diseased condition caused by exposure to X-rays or radioactive substance; (3) asbestosis; and (4) silicosis. The remedy given for the four occupational diseases was made the exclusive remedy. All common law rights under existing laws were reserved for diseases not listed. Ga. L. 1946, p. 109.

"In 1971 the Code was amended to add another category of occupational diseases beyond the original four. It was a broad provision which included those occupational diseases where the employee could prove all of the following elements: (It is now OCGA § 34-9-280 (3) (F) (i thru ii).)

" '(a) A direct causal connection between the conditions under which the work is performed and the disease; (b) that the disease followed as a natural incident of exposure by reason of the employment; (c) that the disease is not of a character to which the employee may have had substantial exposure outside of the employment; (d) that the disease is not an ordinary disease of life to which the general public is exposed; (e) that the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence.' Ga. L. 1971, pp. 895, 900." *Synalloy Corp. v. Newton*, 254 Ga. 174, 179 (326 SE2d 470) (1985) (Gregory, J., dissenting).

3. The occupational-disease provisions of the Workers' Compensation Act are now found in Art. 8 of OCGA Title 34. OCGA § 34-9-280 et seq. As previously stated, the provision in controversy in this case, § 34-9-285, mandates that where an occupational disease and some other noncompensable disease or infirmity coexist, "the compensation payable shall be reduced and limited only to such proportion of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as the causative factor, bears to all the causes of such

disability or death."

However, as previously stated, where neither the pre-existing condition nor the compensable injury constitutes an occupational disease, the Workers' Compensation Act contains no provision comparable to § 34-9-285, and the cases simply hold that aggravation of the pre-existing injury or infirmity is compensable as a "new accident." E. g., *Cotton States Ins. Co. v. Rutledge*, 139 Ga. App. 729, 730 (229 SE2d 531) (1976).

We disagree with the appellant's argument that this disparity in treatment violates the Equal Protection Clause.

"In reviewing the charge that [§ 34-9-285] violates the equal protection guarantees of the Federal and State Constitutions, this court will apply a rational basis standard of review. There is no suggestion that the right asserted by petitioner is fundamental or that a suspect classification exists in the case. Therefore, the standard of review is that the classification not be arbitrary or unreasonable (*Dandridge v. Williams*, 397 U. S. 471 (90 SC 1153, 25 LE2d 491)), and that a fair and substantial relationship exist between the classification and the purpose of the law. *Reed v. Reed*, 404 U. S. 71 (92 SC 251, 30 LE2d 225) (1971)." *Bickford v. Nolen*, 240 Ga. 255, 256 (240 SE2d 24) (1977); *Guess v. Workmen's Comp. Appeal Bd.*, 466 A2d 1098 (Pa. C. 1983); *Holt v. Nevada Industrial Comm.*, 578 P2d 752 (Nev. 1978).

"[I]n 'the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.' A legislature may address a problem 'one step at a time,' or even 'select one phase of one field and apply a remedy there, neglecting the others.' *Williamson v. Lee Optical Co.*, 348 U. S. 483, 489 [75 SC 461, 465, 99 LEd 563] (1955)." *Jefferson v. Hackney*, 406 U. S. 535, 546 (92 SC 1724, 1731, 32 LE2d 285) (1972), citing from *Dandridge v. Williams*, supra, 397 U. S. at p. 485; *Guess v. Workmen's Comp. Appeal Bd.*, supra.

The appellee advances various differences between occupational diseases and other injuries compensable under the Workers' Compensation Act, which would authorize their disparate treatment.

First, it is pointed out that by enacting the occupational-disease provisions of the Act, the General Assembly recognized that occupational diseases were prevalent and widespread in the industries in this state. As argued by the appellee, "since employees of certain industries, such as the asbestos industry, were almost certain to file more claims against their employers than the average worker in other industries, the legislature could have felt that certain industries could not withstand the financial impact of compensating employees who were disabled not only as a result of an occupational disease, but whose disability resulted because an occupational disease contributed in some form to the employee's disablement by aggravating a pre-

existing disease. Generally . . . an employer can afford to compensate a claimant for the aggravation of a pre-existing condition as the amount of claims against it will be significantly less than an employer who is engaged in the asbestos industry or similar trade. The legislature simply may have felt that since a certain number of occupational-disease claims are to be expected in particular industries, those industries could not survive unless they were responsible only for that portion of a claimant's disability which is related to his occupational disease." See *Guess v. Workmen's Comp. Appeal Bd.*, supra.

Moreover, as argued by the appellee, where an occupational disease is involved, it is generally much more difficult to determine when aggravation of the pre-existing condition becomes the cause of the disability. This is so because occupational diseases arise gradually from a day-by-day exposure to unhealthful conditions over an extended period of time, whereas, in the case of other compensable accidents, the accident and damage resulting therefrom are usually "practically simultaneous." See *Hall v. Synalloy Corp.*, 540 FSupp. 263, 268 (S. D. Ga. 1982), citing *McIntyre v. E. J. Lavino & Co.*, 25 A2d 163, 164-165 (Pa. 1942). The appellee argues that this difficulty in determining when such an aggravating injury occurs in an occupational-disease case warrants the legislative enactment of § 34-9-285 to apportion benefits according to the percentage of disability which properly can be related to any occupational disease. We find this argument to be persuasive. See *Holt v. Nevada Industrial Comm.*, supra.

4. Where, as here, a workers' compensation claim involves the question of the extent to which the claimant is disabled by an occupational disease, the matter is properly referred to the medical board. *Whitaker v. Fieldcrest Mills, Inc.*, 174 Ga. App. 533 (1) (330 SE2d 761) (1985) and cits.

5. We do, however, agree with the appellant's argument that the award of $13.50 per week violates the requirement of § 34-9-261 that the weekly benefit for total disability not be less than $25 per week (except when the weekly wage is below $25).

In this regard, § 34-9-284 provides that "[t]he amount of the compensation for any occupational disease shall be based upon the average weekly wages of the employee, as determined under Code Section 34-9-260." Section 34-9-260 provides that, except as otherwise provided, the computation of the "average weekly wages of the injured employee" is subject to limitations as to minimum amounts provided for in § 34-9-261.

Accordingly, although we hold that the superior court was correct in denying the appellant's constitutional challenge to § 34-9-285, we vacate the judgment and remand the case to the superior court with the direction that the award be amended by substituting the amount of $25 per week in place of the $13.50 per week contained in the

award of the full board.

*Judgment vacated and case remanded with direction. All the Justices concur, except Smith, J., who dissents, and Gregory and Bell, JJ., who concur specially.*

GREGORY, Justice, concurring specially.

I concur in the judgment in this case because I cannot say that it is irrational for the legislature of Georgia to follow one rule for occupational diseases and another rule for other compensable injuries. It may be that the legislature determined that full compensation for occupational diseases would be an unbearable burden for certain industries in this state. However, I cannot agree with all that is said in this opinion in support of that conclusion.

In Division 3 the majority opinion cites *Hall v. Synalloy Corp.,* 540 FSupp. 263, 268 (S. D. Ga. 1982), for the proposition that it is less difficult to apportion responsibility for a loss when dealing with an injury than it is for apportioning responsibility for a loss when dealing with an occupational disease. This distinction would seem to support an opposite result from the one reached in the majority opinion. After all, our statute apportions compensation as to occupational diseases but does not apportion compensation as to compensable injuries.

I am authorized to state that Justice Bell joins in this special concurrence.

DECIDED MAY 29, 1986 —
RECONSIDERATION DENIED JUNE 10, 1986.

*Hazelton & Sweet, John F. Sweet,* for appellant.
*George L Pope, Jr.,* for appellee.