GEORGE HENRY GARTON, APPELLANT, v. THE CITY OF RENO, NEVADA, RESPONDENT.

No. 16664

June 26, 1986                                        720 P.2d 1227

---

*William Whitehead,* Reno, for Appellant.

*Shamberger, Georgeson, McQuaid & Thompson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On April 22, 1981, police officers arrested appellant for a crime he had not committed. Appellant sued respondent for false arrest, false imprisonment, and excessive force. This is an appeal from a district court order and judgment granting respondent's motion for involuntary dismissal pursuant to NRCP 41(b) of appellant's causes of action against respondent.

"A district court may grant a NRCP 41(b) motion for involuntary dismissal when, interpreting the evidence presented at trial in the light most favorable to plaintiff, upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury." *Culley v. County of Elko,* 101 Nev. 838, 841, 711 P.2d 864, 866 (1985).

Appellant first argues that the district court erred in involuntarily dismissing his false arrest and false imprisonment causes of action. We disagree. In order to defeat respondent's NRCP 41(b) *motion for involuntary dismissal of these causes of action,* appellant had to have made out a *prima facie* case of false arrest and false imprisonment. *Culley, supra.* " 'To establish false imprisonment of which false arrest is an integral part, it is . . .

necessary to prove that the [plaintiff was] restrained of his liberty under the probable imminence of force *without any legal cause or justification.'* Marschall v. City of Carson, 86 Nev. 107, 110, 464 P.2d 494 (1970)." Hernandez v. City of Reno, 97 Nev. 429, 433, 634 P.2d 668 (1981) (emphasis added). In his case-in-chief, appellant introduced scant evidence addressing the issue of the "legal cause or justification," *Hernandez, supra,*[1] of his arrest. Appellant's case-in-chief focused, instead, on the procedural irregularities of and damages occasioned by his arrest. Interpreting this evidence in the light most favorable to appellant, *Culley, supra,* we hold that appellant did not make out a *prima facie* case of false arrest and false imprisonment. Therefore, the district court did not err in involuntarily dismissing appellant's false arrest and false imprisonment causes of action.

Appellant next argues that the district court erred in involuntarily dismissing his excessive force cause of action. We agree. In order to defeat respondent's NRCP 41(b) motion for involuntary dismissal of this cause of action, appellant had to have made out a *prima facie* case of excessive force. Appellant testified that the arresting officers hit and kicked him and that, as a result, he had to see a physician, who prescribed muscle relaxers for his back. Appellant testified that he did not resist the arresting officers. No evidence contradicted appellant's testimony. Interpreting this evidence in the light most favorable to appellant, *Culley, supra,* we hold that appellant made out a *prima facie* case of excessive force. Therefore, the district court erred in involuntarily dismissing appellant's excessive force cause of action.

We reverse and remand the case to the district court for a new trial.

---

[1]Respondent suggests that the requirement enunciated in *Hernandez* that a plaintiff in a false arrest/false imprisonment case prove that he was restrained of his liberty *without any legal cause or justification* as part of his *prima facie* case means that such a plaintiff must prove *lack of probable cause for arrest* as part of his *prima facie* case. Respondent is mistaken. It is well established that a plaintiff in a false arrest/false imprisonment case need not prove lack of probable cause for arrest as part of his *prima facie* case. Strozzi v. Wines, 24 Nev. 389, 398 (1899); Annot., 137 A.L.R. 504 (1942); Annot., 19 A.L.R. 671 (1922).