Anna JACKSON,* Plaintiff—Appellant,

v.

**UNITED STATES of America,**
Defendant—Appellee.

No. 01–15494.

D.C. No. CV–99–00071–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 27, 2002.

* A motion was granted substituting Anna Jackson as appellant following the death of original plaintiff Cleora E. Jackson.

Before THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM**

Cleora Jackson appeals the district court's order granting the government's motion for summary judgment and denying her cross-motion for partial summary judgment, contending that the Bureau of Indian Affairs ("BIA") failed to comply with the Indian Law Enforcement Reform Act, 25 U.S.C. § 2801 *et seq.* In her complaint under the Federal Tort Claims Act ("FTCA"), Jackson alleged that, because she was unlawfully arrested by a federal officer, she was entitled to damages for false arrest, intentional infliction of emotional distress ("IIED"), and abuse of process. Because these claims fall within the FTCA's waiver of the United States' immunity from suit, 28 U.S.C. § 2680(h), we have jurisdiction to hear Jackson's appeal regarding these three claims. We affirm. Because the parties are familiar with the facts of this case, we recount them here only as necessary to explain our decision.

Jackson contends that Officer Doyle had no authority to carry out the arrest order because he did not have the Tribe's consent to enforce its tribal law. Even assuming that Officer Doyle lacked actual authority, we conclude that the United States is entitled to summary judgment that it is not liable under the FTCA, because Jackson has not presented facts sufficient to constitute a cause of action for false imprisonment/false arrest, IIED, or abuse of process under Nevada law.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under the FTCA, the United States's substantive liability is determined by the state law of the place where the act or omission

**1. *False Imprisonment/False Arrest.*** Under Nevada law, to establish false arrest, Jackson must prove that she was "restrained of [her] liberty under the probable imminence of force *without any legal cause or justification.*" *Garton v. City of Reno,* 102 Nev. 313, 720 P.2d 1227, 1228 (Nev.1986) (citations omitted). Once the plaintiff has made a prima facie case for false arrest, the defendant can avoid liability by proving justification for the arrest. *Marschall v. City of Carson,* 86 Nev. 107, 464 P.2d 494, 497–98 (Nev.1970).

We conclude that Officer Doyle had legal justification for the arrest, because he reasonably relied on Judge Hardin's authority to order the arrest. That authority was at least apparent, if it was not actual.[2] Even if Judge Hardin did not have actual authority to make the order, we conclude that Doyle carried out the arrest in good faith. A police officer acting in good faith on an invalid arrest warrant, or in this case an allegedly invalid judicial order comparable to a warrant, is not liable for his actions. *See United States v. Hensley,* 469 U.S. 221, 232, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (citing *Turner v. Raynes,* 611 F.2d 92, 93 (5th Cir.1980)).

The order from a judge with apparent authority to make such an order based on an alleged offense that took place in front of the judge provided Officer Doyle with legal justification for the arrest. Officer Doyle had made arrests in the past based

on orders from Judge Hardin and other tribal judges, and it was reasonable for him to believe that Judge Hardin had the authority to order this particular arrest. Officer Doyle testified that he did not question the judge's authority, that he saw no reason to do so, and that he did not believe it was within his discretion to do so. He also believed that the Tribal Council had authorized the BIA to enforce the Tribe's law.

We conclude that there is no evidence in the record that creates a genuine dispute concerning Officer Doyle's profession of a good faith belief in Judge Hardin's authority to order Jackson's arrest. Because Officer Doyle had legal justification and acted in good faith, he cannot be liable for false arrest.

**2. *Intentional Infliction of Emotional Distress.*** To establish a cause of action for IIED under Nevada law, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe,* 995 P.2d 1023, 1025 (Nev. 2000).

Considering the facts in the light most favorable to Jackson, she has shown the second and third elements, but she has failed to allege facts that show a material dispute with respect to whether Officer

---

occurred—in this case, Nevada. 28 U.S.C. § 1346(b); *see also id.* § 2674.

**2.** There seems to be a dispute about whether Officer Doyle was present in the courtroom during the proceedings leading to Jackson's arrest. Even if Doyle observed the proceedings and heard Jackson assert the Privacy Act defense, we conclude that it was still reasonable for him to rely on Judge Hardin's authority to reject that defense. Judge Hardin's insistence on receiving the files despite Jackson's privacy objection indicated his belief

that Jackson's confidentiality concerns did not exempt her from carrying out his order. Thus, Doyle could have witnessed the proceedings and nonetheless reasonably believed that Judge Hardin had the authority to issue the arrest order. On the other hand, if Doyle was not present, he could still have had the authority to arrest Jackson despite the fact that he did not witness the offense, because he reasonably and in good faith relied on Judge Hardin's apparent, if not actual, authority to issue the arrest order.

Doyle's conduct was extreme or outrageous. We have already concluded that there is insufficient evidence to dispute the fact that Officer Doyle made the arrest in good faith. There is no evidence that Officer Doyle in any way mistreated Jackson when he arrested her. The only fact that Jackson alleges as demonstrating mistreatment is that Officer Doyle informed her after her quick release from the jail facility that she could still be in jail were she outside the Reservation. Even if Doyle made such a statement, the observation would not amount to extreme and outrageous conduct. We therefore conclude that the government is entitled to summary judgment on the IIED claim.

■ **3.** *Abuse of Process.* Under Nevada law, to establish a cause of action for abuse of process, a plaintiff must show "(1) an ulterior purpose by the defendant[ ] other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi,* 38 P.3d 877, 879 (Nev.2002) (citations omitted). Jackson has not presented any facts to support the allegation that Officer Doyle had an ulterior purpose for carrying out the arrest. Moreover, the fact that she had no contact with Doyle before or after the arrest incident undermines her contention that Doyle intended to use his arrest authority to harass her. We conclude that the government is entitled to summary judgment on the abuse of process claim.

■ **4.** *Claims Arising from the Conduct of Doyle's BIA Supervisors.* Jackson also argues that the United States should be liable for the BIA's failure to ensure that Doyle was aware of and complied with the requirements of federal law. Assuming that the BIA failed to comply with required procedures, such lack of compliance alone is not sufficient to establish liability under the FTCA. Jackson still must establish the requisite elements of false arrest, abuse of process, or IIED against the United States. *See* 28 U.S.C. § 2680(h). Jackson has not, however, presented any facts regarding Superintendent Tibbits or any other BIA official that would satisfy the elements of false arrest, abuse of process, or IIED.

■ **5.** *Cross–Motion for Summary Judgment.* We affirm the district court's denial of Jackson's cross-motion for partial summary judgment. In that motion Jackson asserted that the BIA failed to comply with federal law. It is unclear from the record whether Judge Hardin had actual authority to order the arrest. If he acted under proper tribal authority, his order may have been sufficient tribal consent for Doyle to enforce tribal law. If he acted outside his tribal authority, it is unclear whether the BIA or Officer Doyle took sufficient steps to obtain the requisite tribal consent. We note that, as explained above, even if we were to conclude that the BIA indeed failed to comply with federal law, we would not alter our conclusion that the government was entitled to summary judgment on the issue of liability.

We recognize that both Jackson and Doyle were faced with difficult situations, and that they each ultimately decided to follow the orders of their respective supervisors. Nothing in this disposition is intended to denigrate the devotion to duty of either of the parties.

We conclude that Jackson has not shown that there are material facts in dispute to satisfy the requisite elements of false arrest, IIED, or abuse of process. We therefore AFFIRM the district court's grant of summary judgment in favor of the United States. We also AFFIRM the district court's denial of Jackson's partial summary judgment motion.